No. 42,549

BEN TEAGUE, *Appellee,* v. HENRY GEORGE, d/b/a GEORGE-NIELSEN MOTOR COMPANY, *Appellant.*

(365 P. 2d 1087)

Opinion filed November 10, 1961.

*Byron G. Larson,* of Dodge City, argued the cause, and *James A. Williams,* of Dodge City, was with him on the briefs for appellant.

*R. R. Mitchell*, of Dodge City, argued the cause, and *W. C. Gould* and *Don C. Smith*, of Dodge City, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This action was commenced pursuant to G. S. 1949, 44-512a to recover a lump-sum judgment for all past due and unpaid, and future installment payments of a workmen's compensation award. Judgment was in favor of the workman-plaintiff, and the employer-defendant has appealed.

On October 28, 1960, the workmen's compensation commissioner entered an award of compensation in favor of plaintiff in the total sum of $15,654.31 plus all medical expense not to exceed $2,500. On December 12, 1960, plaintiff served a written demand upon defendant pursuant to G. S. 1949, 44-512a to pay all amounts due and owing to him under the compensation award, and further, that should defendant fail to pay such amounts within two weeks, suit would be brought for the entire amount of compensation awarded. Defendant failed to comply with the statutory demand, and plaintiff commenced this action.

In his answer defendant alleged that he timely perfected an appeal to the district court from the award of the workmen's compensation commissioner in favor of plaintiff pursuant to G. S. 1949, 44-556, as amended, and further, that a supersedeas bond in the amount of $36,308.62 was filed in such appeal proceeding and was approved by the clerk of the district court within two weeks from the date of service of plaintiff's statutory demand. A copy of the supersedeas bond was attached to defendant's answer, and omitting the caption, date and signatures, reads:

"THE STATE OF KANSAS, COUNTY OF FORD, ss:

"WHEREAS, on the 28th day of October, 1960, a finding and award was made by the Workmen's Compensation Commissioner of Kansas in favor of said Ben Teague and against George-Nielsen Motor Co., his employer, and Universal Underwriters Insurance Company, as insurance carrier, for workmen's compensation in the amount of $15,654.31, plus all medical expenses, past, present and future, not to exceed the sum of $2,500.00; and

"WHEREAS, the said George-Nielsen Motor Co. and Universal Underwriters Insurance Company, respondent and insurance carrier, have appealed to the District Court of Ford County, Kansas, from said award, and intend to prosecute proceedings to reverse, vacate or modify the same, and desire a stay of execution thereon, or other proceedings to enforce the same, until the final determination of said appeal.

"Now, THEREFORE, we, George-Nielsen Motor Co. and Universal Underwriters Insurance Company, as principals and The Fidelity and Deposit Co. of

Maryland, as surety, hereby undertake to the said Ben Teague in the penal sum of $36,308.62, that the said George-Nielsen Motor Co. and Universal Underwriters Insurance Company will pay the amount of said award if the same, or any part thereof, be affirmed or the appeal be dismissed, or the part of such amount as to which said award is affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellants upon the appeal, and if the appellants do not make such payment, within thirty (30) days after the ruling of the court upon such appeal, or do not appeal to the Supreme Court of Kansas, and file a proper Supersedeas Bond in connection therewith, judgment may be entered, on motion of said claimant in his favor, against the surety, for such amount, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellants upon the appeal."

Defendant further alleged that plantiff was not entitled to prosecute the action, and the prayer was that plaintiff take nothing and defendant have judgment for his costs.

At the trial, the district court found that, among other things, defendant failed to comply with the statutory demand within the two-weeks' period following service upon the defendant. It further found that the supersedeas bond filed by defendant and his insurance carrier did not stay the action commenced under G. S. 1949, 44-512a, and entered a lump-sum judgment in favor of plaintiff in the amount of $15,038.82.

The sole question presented is whether an employer, who timely appeals from an award of compensation to the district court and who fails to make compensation payments to the workman, may secure a stay of such payments pending the appeal and remove the foundation for an action under G. S. 1949, 44-512a by filing a supersedeas bond within two weeks after receipt of the statutory demand. In discussing this question we note that defendant's appeal from the award of the workmen's compensation commissioner is still pending and undisposed of in the district court.

Defendant contends such a bond is authorized by G. S. 1949, 44-530 relating to stay of proceedings upon an award by the compensation commissioner, and by 60-3322 relating to the stay of execution on appeals taken to reverse a judgment or final order of a court directing the payment of money, and relies upon language in the recent case of *Bentley v. State Department of Social Welfare,* 187 Kan. 340, 356 P. 2d 791, and upon *Paul v. Skelly Oil Co.,* 134 Kan. 636, 640, 7 P. 2d 73. We are not persuaded the contention is meritorious. In the first place, G. S. 1949, 60-3322 is inapplicable. That statute was a part of the code of civil procedure when it was

enacted in 1909 (Laws 1909, Ch. 182, § 586; R. S. 1923, 60-3322). It has been repeatedly held by this court in a long line of decisions that the Workmen's Compensation Act of 1927, as amended, establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is substantial, complete and exclusive in itself, and that the rules and methods provided by the code of civil procedure not expressly included in the act or necessarily implied from its express provisions are not available in any respect in determining rights under the act; hence, no borrowing from the code is warranted to supply that which may be lacking. (*Anchor Casualty Co. v. Wise*, 172 Kan. 539, 543, 241 P. 2d 484; *Clark v. Winfield Hospital & Training Center*, 186 Kan. 705, 707, 352 P. 2d 442; *Bushman Construction Co. v. Schumacher*, 187 Kan. 359, 362, 356 P. 2d 869.) See, also, 5 Hatcher's Kansas Digest [Rev. ed.], Workmen's Compensation, § 142; West's Kansas Digest, Workmen's Compensation, §§ 1165, 2084. In the second place, there was no execution to be stayed. Proceedings under the act to obtain compensation are administrative. (*Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853.) An award of the Workmen's Compensation Commissioner is not precisely a judgment since it is not a decree of a judicial tribunal, but the statute outlines a procedure by which it may be given that effect. (*Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 809, 297 P. 429.) An award is always open to modification at the instance of either party until final payment has been made (G. S. 1959 Supp., 44-528), and in that respect it lacks the elements of *res judicata* which is the distinctive feature of a judgment. (*Resnar v. Wilbert & Schreeb Coal Co.*, supra.) Aside from a proceeding to review and modify (G. S. 1959 Supp., 44-528), the only recourse for an aggrieved party is an appeal from the findings and award of the commissioner to the district court. (*Fleming v. National Cash Register Co.*, 188 Kan. 571, 576, 363 P. 2d 432.) That court considers and passes upon both the law and the facts and makes its findings and conclusions and renders a judgment. (*Lenon v. Standard Oil Co.*, supra.)

The Paul case, *supra,* relied upon by defendant is not helpful to him. The appeal there was not, as here, from the award of the compensation commissioner to the district court, but was to the supreme court to reverse a judgment of the district court awarding compensation to a workman, and it was held that the appeal did not

stay execution. There is no analogy between a compensation proceeding as it exists after an appeal is taken to the supreme court from an award of compensation which is affirmed or modified by the district court, and as it exists after an appeal has been taken from an award of the commissioner to the district court and, as here, remains undisposed of. In the former, a judgment results in favor of the workman and if unappealed from and unpaid and not modified by the commissioner on application to review and modify ( G. S. 1959 Supp., 44-528), may be enforced by execution ( *Lenon v. Standard Oil Co.*, supra ). In the latter, the appeal is pending and undisposed of, and, as previously indicated, an award of the commissioner is not precisely a judgment.

Defendant contends that *Bentley v. State Department of Social Welfare*, supra, supports his contention that the supersedeas bond stayed the instant action. In that opinion we said:

"Under the statute, the employer may appeal at will, but if served with the required notice under section 44-512a, he should pay the compensation to date *or make some agreement and bond for the same. . . ."* (l. c. 342.) (Emphasis supplied.)

In *Harris v. Moore Associates of Topeka*, No. 42,578, 188 Kan. 822, 365 P. 2d 1085, this day decided, the Bentley case was re-examined and adhered to. However, it was specifically stated in the opinion that,

"What the court really had in mind in the language quoted above, was that the compensation act and section 44-512a thereof has no provision staying proceedings during appeals. . . ."

As interpreted in the Harris case, the Bentley case is not authority that an employer and his insurance carrier who appeal to the district court from an award of compensation in favor of a workman may make some agreement or file a supersedeas bond pending the appeal and secure a stay of payment of compensation, or an action commenced pursuant to 44-512a for nonpayment.

Defendant lastly argues that G. S. 1949, 44-530 authorized the filing of the supersedeas bond. We do not agree. G. S. 1949, 44-529 and 44-530 were a part of the original act of 1927 and must be considered together. Section 44-529 provides in substance that if the workman is in doubt as to the security for payment of his compensation at any time before final payment has been made, upon notice to the employer he may apply to the commissioner for a lump-sum award equal to 95 percent of the past due and prospec-

tively due payments under the award, and if the evidence shows a reasonable doubt as to the security, the commissioner may make a lump-sum award and forward a certified copy thereof to the district court upon which, after ten days' notice to the employer, judgment may be entered which judgment may be enforced by execution (G. S. 1949, 44-512a; *Resnar v. Wilbert & Schreeb Coal Co.*, supra; *Lenon v. Standard Oil Co.*, supra), unless the employer provides a certificate of a licensed or authorized insurance company that the amount of compensation to the workman is insured by it or a proper bond is filed and approved by the commissioner to secure the payment of compensation. G. S. 1949, 44-530 provides in substance that when a workman makes application to the commissioner for a lump-sum award against his employer, and before judgment has been granted, the employer may stay the application by filing with the clerk of the district court a bond to be approved by the clerk to secure payment of the compensation, or by filing a certificate of a licensed or authorized insurance company that the payment of the compensation is insured by it.

It is obvious from a reading of the foregoing statutes that the legislature intended to provide the workman a method to secure payment of his compensation when he is in doubt as to its security and the evidence before the commissioner shows a reasonable doubt exists.

The defendant in this action is not a self-insurer and it is unnecessary to determine whether sections 44-529 and 44-530 are applicable only to that type of employer. Be that as it may, we think it crystal clear the legislature did not intend that section 44-530 be applied to stay proceedings where there is a refusal to pay compensation after a written statutory demand has been made by the workman under section 44-512a. Various remedies are provided a workman in the act to enforce a compensation award and they are all to secure its payment, not to stay it.

The legislative intent and purpose of section 44-512a has been detailed in a whole series of decisions. (*Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 152 P. 2d 860; *Miller v. Massman Construction Co.*, 171 Kan. 713, 237 P. 2d 373; *Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168; *Owen v. Ready Made Buildings, Inc.*, 181 Kan. 659, 313 P. 2d 267; *Redenbaugh v. State Department of Social Welfare*, 187 Kan. 320, 356 P. 2d 794; *Fleming v. National Cash Register Co.*, supra; *Bentley v. State Department of Social*

*Welfare*, supra; *Harris v. Moore Associates of Topeka*, supra.) This court has consistently held that the statute was remedial in character and deprived the employer of no vested rights; that it was intended to supplement existing remedies provided in the act and applies to a different state of facts from those embraced in the provisions of the original act of 1927; that under the new remedy, the employer has the choice of protecting his vested rights by merely complying with the terms and requirements of the award by which he is bound until it is set aside, modified, paid, or redeemed, or permit the workman to invoke the new remedy for the collection of all future installments; that where the employer defaults in payment and a demand is made under the statute, an action may be maintained for the entire amount of compensation awarded in like manner as for the collection of a debt, irrespective of whether the employer has or has not appealed from the award to the district court and notwithstanding there is no judgment of a judicial tribunal affirming or modifying the award. (*Bentley v. State Department of Social Welfare*, supra; *Fleming v. National Cash Register Co.*, supra; *Harris v. Moore Associates of Topeka*, supra.)

The employer may appeal at will from the award of the commissioner (*Bentley v. State Department of Social Welfare*, supra) by following the special provisions of the act for the taking of appeals which is prescribed in detail in G. S. 1959 Supp., 44-556. But no provision is found in that section, or elsewhere in the act, authorizing the filing of a supersedeas bond to stay payment of compensation pending the appeal to the district court or the prosecution of an action commenced under section 44-512a where payment of compensation is refused. If an appeal is taken, the payment of compensation would not prejudice the employer's right to obtain a review of the commissioner's award.

We have thoroughly reviewed the record and find no error. The judgment of the district court is affirmed.

PRICE, J., dissents.