No. 44,146

DALE F. SCAMMAHORN, *Plaintiff-Appellee*, v. GIBRALTAR SAVINGS & LOAN ASSOCIATION, *Defendant-Appellant*.

(404 P. 2d 170)

Opinion filed July 10, 1965.

*Alan W. Farley*, of Kansas City, argued the cause and was on the briefs for the appellant.

*Joseph T. Carey*, of Kansas City, argued the cause, and *David W. Carson*, *John K. Dear*, *Ernest N. Yarnevich*, *John William Mahoney* and *John H. Fields*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a workmen's compensation case in which the respondent appeals from an order of the district court dismissing its appeal from the director's award, on the ground that it had become moot by reason of an action pursuant to K. S. A. 44-512a which went to judgment in the district court.

The instant workmen's compensation case, docketed as case No. 15,892-B in the district court, was duly appealed to this court and assigned No. 44,146. The companion case resulting from the 44-512a demand, docketed as case No. 16,257-B in the district court, was duly appealed to this court and assigned No. 44,127, *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 220, 404 P. 2d 165.

The respondent, Gibraltar Savings & Loan Association (defendant-appellant) was engaged in the ordinary business of a savings

and loan association. One of the homes upon which it had made a construction loan was repossessed, and the respondent undertook to complete the construction before putting it on the market. In so doing it employed the claimant, Dale F. Scammahorn (plaintiff-appellee) as a carpenter to do work at an hourly wage to complete the construction of the dwelling which the respondent had repossessed. On May 2, 1962, while installing a ledge on a swimming pool located in the basement of this dwelling, the claimant fell into the deep end of an empty pool, suffering serious injuries.

A workmen's compensation claim was filed and tried. On October 28, 1963, the examiner awarded the claimant forty-six weeks of temporary total disability, a 25% permanent partial disability and medical benefits of $1,937.20. Upon respondent's petition the director reviewed the award, and on November 20, 1963, affirmed the examiner's decision. On November 22, 1963, the respondent filed an appeal to the district court of Wyandotte County (No. 15,892-B).

On the 5th day of December, 1963, the claimant filed a demand for all compensation due to date under the award. The respondent refused to pay all sums due under the award, but did pay the $1,937.20 medical benefits and tendered checks for the ten weeks next preceding the director's decision and the weeks up to the date of demand. The claimant accepted the medical benefits but refused and returned the other compensation checks.

On the 24th day of January, 1964, the claimant filed suit under 44-512a, *supra*, for the full amount of the award in the district court of Wyandotte County (No. 16,257-B). This 44-512a action went to judgment in the district court before the appeal in the workmen's compensation case in the district court was heard. (See, *Scammahorn v. Gilbraltar Savings & Loan Assn.*, supra, [No. 44,127].)

The primary question presented to the district court by the respondent's appeal in the workmen's compensation case (No. 15,892-B) was *whether the workmen's compensation act governed the employment of the claimant by the respondent.* This was recognized by the district court in its memorandum opinion, when it stated that upon the evidence it would have no difficulty in making an award of compensation were it not for two unusual questions presented, the first of which is italicized above, and the second of which it said arose by reason of the following circumstances:

"The Examiner in the Workmen's Compensation case rendered his decision on October 28, 1963. The Workmen's Compensation Director rendered his

decision, affirming the Examiner, on November 20, 1963. Respondent appealed to the District Court on November 22, 1963. Claimant filed a demand for all compensation due to date under the award on December 5, 1963, and filed suit under 44-512a for the full amount of the award (case number 16,257-B) on January 24, 1964, after respondent failed to pay up all compensation due as per the demand.

"Section 44-556 of the 1961 Supplement to G. S. Kansas, provides for the taking of appeals to the District Court from final awards of compensation. It provides that 'Such appeal shall be taken and perfected by the filing of a written notice of appeal with the director within 20 days after the decision' shall have been made. Respondent's notice of appeal was filed within time.

"But Section 44-556 goes on to provide that 'no compensation shall be due or payable until the expiration of such 20-day period and then the payment of past due compensation awarded by the Director shall not be payable' if the employer is insured or is a self-insurer and does certain things.

[The trial court then disposed of the case on the second question as follows:] "As I ruled in Case 16,257-B, Gibraltar is neither an insured nor a self-insurer.

"Conversely, then, 44-556 provides that part due compensation shall be payable in a case such as we have here.

"Section 44-512a of the 1961 Supplement to G. S. Kansas provides: 'That if any compensation awarded . . . shall not be paid to the employee . . . when due, and service of written demand for payment has been made . . . and payment of said demand is thereafter either refused or not made within 20 days . . . then the entire amount of compensation awarded . . . shall become immediately due and payable and said employee . . . may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. . . .'

"I hold that a respondent in the position of Gibraltar, neither an insured nor a self-insurer, when demand is made upon it for all compensation due to date under an award, has no choice but to comply with the demand if it wants its appeal heard, and that the failure of respondent to pay all compensation due to the date of the demand results in claimant having an absolute right to a judgment for the full amount of the award and effectively precludes respondent from having the award reviewed by the district court.

"The result of what has heretofore been said in this opinion is that the Court rules that the appeal became moot on December 25, 1963 (20 days after the demand was served, within which time respondent did not pay up the compensation due to the date of the demand), and that respondent is not entitled to have the district court pass on the merits of the appeal."

In its journal entry the trial court found:

"8. That claimant was not employed by respondent in the course of employer's trade or business."

It also found, among other things, concerning the 512a demand:

"13. That on December 18, 1963, respondent tendered claimant a check in the amount of $232.50, representing 10 weeks' compensation, and a check

in the amount of $209.28, representing 9 weeks' compensation, and on January 3, 1964, January 11, 1964, January 18, 1964, and January 24, 1964, respondent tendered claimant checks in the amount of $23.25 each, representing one week's compensation, and in so doing respondent was attempting to take advantage of the provisions of Section 44-556 of the 1961 Supplement to the General Statutes of Kansas."

The trial court in its journal entry, among other things, concluded:

"3. That respondent by tendering checks for compensation to claimant, as per finding numbered 13, acquiesced in the rulings of the Workmen's Compensation examiner and Director that it had jurisdiction over the claimant's claim against the respondent for compensation and is now estopped from objecting to such jurisdiction."

On the appeal to this court in the 512a action it was held the district court erred in holding the respondent was not a "self-insurer" under K. S. A. 44-556. The court said:

"Generally speaking, the legislature has classified 'every employer' under the Workmen's Compensation Act who shall secure compensation to his employees, into two broad categories—those who are insured by workmen's compensation liability, and those who carry their own risk and are known as self-insurers and are financially able to pay all compensation allowed. ( K. S. A. 44-532.) In the instant case, Gibraltar was not insured for workmen's compensation liability, but it carried its own risk, and we think it is to be classified as a 'self-insurer' as that term is used in 44-556. It is evident that by the 1961 amendment, the legislature sought to relieve employers from the holding in the *Teague* case [*Teague v. George*, 188 Kan. 809, 365 P. 2d 1087], and intended by its use of the term 'self-insurer' to cover any employer who carried his own risk and was not insured by workmen's compensation liability. . . ." (*Scammahorn v. Gibraltar Savings & Loan Assn.*, supra, No. [No. 44,127] p. 220.)

Under all of the facts, conditions and circumstances presented by the instant case (including the companion case) it could hardly be said the legislature under 44-556, *supra*, intended to provide no forum for an employer to litigate whether or not the employment of a workman was governed by the workmen's compensation act.

The reasons assigned by the trial court for its dismissal of the workmen's compensation appeal, as moot, made its finding No. 8 immaterial. Such finding was unnecessary to the decision and it is not binding upon the parties.

The rule of estoppel applied by the district court to the respondent was likewise erroneous. The respondent by making payments and tender pursuant to the provisions of G. S. 1961 Supp., 44-556

(now K. S. A. 44-556), where the procedure for self-insurers is outlined on appeal in workmen's compensation cases to the district court, is not an acquiescence in the award. It is merely a compliance with the procedure outlined by the statute where appeal is taken. (See, *Scammahorn v. Gibraltar Savings & Loan Assn.*, supra, [No. 44,127].)

We hold the decision of the district court dismissing the workmen's compensation appeal, as moot, is erroneous, and the appeal should be reinstated to determine the issues presented.

The judgment of the lower court is reversed.

WERTZ and FATZER, JJ., dissent for the reason stated in the dissenting opinion of Justice Fatzer in *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 220, 404 P. 2d 165.