No. 44,127

Dale F. Scammahorn, *Plaintiff-Appellee*, v. Gibraltar Savings & Loan Association, *Defendant-Appellant.*

(404 P. 2d 165)

Opinion filed July 10, 1965.

*Alan W. Farley*, of Kansas City, argued the cause and was on the briefs for appellant.

*Joseph T. Carey*, of Kansas City, argued the cause, and *David W. Carson, John K. Dear, Ernest N. Yarnevich, John William Mahoney* and *John H. Fields*, all of Kansas City, were with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is an appeal from a lump-sum judgment of workmen's compensation award entered by the district court pursuant to G. S. 1961 Supp., 44-512a.

Counsel for the parties filed a stipulated and agreed record which is summarized as follows: On October 28, 1963, the examiner granted the plaintiff, Dale F. Scammahorn, a workmen's compensation award and ordered the defendant, Gibraltar Savings & Loan Association, to pay $9,629.73 compensation and $1,937.20 medical benefits. Gibraltar requested a review by the director of workmen's compensation who entered an order November 20, 1963, affirming the award. Two days later Gibraltar appealed the award to the district court, which was docketed as case No. 15,892-B, and is appeal No. 44,146, *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 273, 404 P. 2d 170, this date decided.

On December 5, 1963, plaintiff served a demand for all compensation and medical expenses due and unpaid, upon Gibraltar and its attorney. Gibraltar paid the medical benefits to the plaintiff, which he accepted, but it refused to pay the demand for the full compensation awarded.

On December 19, 1963, the plaintiff served an amended demand upon Gibraltar for all compensation due and unpaid in the amount of $9,629.73. However, on December 18, 1963, Gibraltar tendered to plaintiff all compensation due for the ten-week period next preceding the director's decision of November 20, 1963, and did thereafter make weekly tenders of checks in the sum of $23.25 each for compensation due the plaintiff as ordered by the examiner and approved by the director of workmen's compensation, up to and including January 24, 1964. The plaintiff refused to accept Gibraltar's weekly tender of compensation due, and returned each of its checks as they were tendered.

On January 24, 1964, the plaintiff commenced this action to recover a lump-sum judgment of compensation awarded in the sum of $9,629.73. He alleged he had made all statutory demands and performed all other conditions precedent, but that Gibraltar had failed to pay all compensation which was then due and unpaid.

Gibraltar's answer alleged that plaintiff's award for compensation was pending on appeal in the district court in case No. 15,892-B; that it had complied with the provisions of G. S. 1961 Supp., 44-556, now K. S. A. 44-556, by filing a bond with the district court in accordance with provisions of G. S. 1949, 44-530, now K. S. A. 44-530, and had tendered all compensation due for the ten-week period next preceding the director's decision and all compensation accrued since that time and that the plaintiff had returned all payments except the payment of medical expenses, which was retained.

The parties stipulated that Gibraltar had no workmen's compensation insurance and that it had not taken steps to qualify as a self-insurer under the provisions of G. S. 1949, 44-532, now K. S. A. 44-532. Thereafter each party filed a motion for summary judgment.

On June 16, 1964, the district court filed a written memorandum opinion containing its findings of fact and conclusions of law, and rendered judgment in favor of the plaintiff in the sum of $9,629.73.

The real issue presented is whether Gibraltar, who had no workmen's compensation insurance and who had failed to qualify as a

self-insurer as provided in 44-532, is entitled to plead as a valid defense to plaintiff's action that it had complied with the provisions of K. S. A. 44-556 by appealing the award of compensation to the district court, filing a bond to stay proceedings and to insure the payment of compensation pursuant to K. S. A. 44-530, and tendering all compensation due for the ten-week period next preceding the director's decision and all compensation accrued until plaintiff filed his action.

In its conclusions of law, the district court stated that prior to the amendment to 44-556 in 1961, Gibraltar could not plead the defense it alleged since the facts in the instant case were substantially the same as the facts in *Teague v. George,* 188 Kan. 809, 365 P. 2d 1087. In that case we held that a supersedeas bond filed by an employer and his insurance carrier under 44-530 did not stay the payment of compensation pending his appeal to the district court, or afford protection from a statutory action commenced by the claimant under 44-512a to recover a lump-sum judgment. The district court also noted that the 1961 amendment provided that "if the employer is insured," or "if the employer is a self-insurer" and has posted bond, he is relieved to some extent of the holding in *Teague,* and since the parties stipulated that Gibraltar was not insured, it asked the question, "Was it a self-insurer?" In its memorandum opinion, the court stated:

"Section 44-532, G. S. Kansas 1949, described what it takes to be a self-insurer. It provides that every employer shall secure compensation to his employees by insuring in one of the following ways:

" 'First, by insuring and keeping insured the payment of such compensation with any stock corporation or mutual association or reciprocal or interinsurance exchange or association authorized to transact the business of workmen's compensation insurance in the state of Kansas; or, second, by showing to the commissioner that said employer carries his own risk and is what is known as a self-insurer and by furnishing proof to the commissioner of his or its financial ability to pay such compensation for himself or it.'

"Admittedly, Gibraltar in this case did not take the steps to become a self-insurer within the contemplation of 44-532.

"What is the situation of an employer who is neither an insured, nor a self-insurer within the contemplation of 44-532? Either he has to be in a third category, different from either the insured group or the group of self-insurers. Or else it must be said that anyone without insurance is automatically a self-insurer.

"On the basis of section 44-532, my answer to the question posed is that Gibraltar is neither an insured nor a self-insurer and is not entitled to the benefits of the 1961 amendment to section 44-556."

We think the district court erred in its conclusion of law that Gibraltar was not a self-insurer as that term is used in 44-556, and, consequently, it was entitled to plead its full compliance with the statute as a complete defense to plaintiff's action to recover a lump-sum judgment. While the *Teague* case was decided after the 1961 amendment to 44-556 became effective, it was conceded that since all the proceedings and the judgment of the district court were rendered prior to the amendment, this court was not required to construe the amendment in deciding that case. Hence, we are called upon for the first time to ascertain the intent and purpose of the 1961 amendment to 44-556. That section authorizes any party to a workmen's compensation proceeding to appeal from any decisions, findings, award or rulings of the director to the district court of the county where the cause of action arose upon questions of law and fact, by filing a written notice of appeal with the director within twenty days after the decision, finding, award or ruling appealed from, and the director shall transmit a certified copy of the notice of appeal to the clerk of the district court, who shall docket the cause for hearing as in other cases on appeal. The pertinent part of the 1961 amendment reads:

"*Provided,* That no compensation shall be due or payable until the expiration of such twenty (20) day period and then the payment of past due compensation awarded by the director shall not be payable, if within such twenty (20) day period notice of appeal to the district court has been filed and the right to appeal shall include the right to make no payments of such compensation until the appeal has been decided by the district court if the employer is insured for workmen's compensation liability with an insurance company authorized to do business in this state or, if the employer is a self-insurer, and has filed a bond with the district court in accordance with section 44-530 of the General Statutes of 1949: *Provided, however,* That the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal . . ."

In the same enactment that amended 44-556, the legislature also amended 44-512a by changing the period of time the statutory demand could be served from fourteen days to twenty days, so as to make the time within which to serve the demand and the time to appeal to the district court from an award of compensation to be coextensive. Previously, an employer found himself served with a 44-512a demand for payment, although the time in which he could appeal to the district court had not expired. The obvious purpose

of this amendment was to make the period of time in which an employer might appeal to be coextensive with the time in which demand under 44-512a could be served, and thus remove the hiatus between those times which previously existed.

Likewise, it is obvious the legislature intended by its amendment to 44-556 that if an employer was insured for workmen's compensation liability, or if he was a self-insurer and had filed a bond with the district court pursuant to 44-530, he was relieved of payment of compensation during the first twenty days after the entry of the award if, within such twenty-day period, he perfected an appeal to the district court. However, the legislature also intended that if such an employer perfected an appeal to the district court, he was not relieved of payment of compensation due for the ten-week period next preceding the director's decision and of additional payments in accordance with the terms of the award until the district court rendered its decision on the appeal. If an employer failed to make payment of compensation after his appeal was perfected, the legislature further intended that a statutory demand under 44-512a could be served.

Generally speaking, the legislature has classified "every employer" under the Workmen's Compensation Act who shall secure compensation to his employees, into two broad categories—those who are insured by workmen's compensation liability, and those who carry their own risk and are known as self-insurers and are financially able to pay all compensation allowed. (K. S. A. 44-532.) In the instant case, Gibraltar was not insured for workmen's compensation liability, but it carried its own risk, and we think it is to be classified as a "self-insurer" as that term is used in 44-556. It is evident that by the 1961 amendment, the legislature sought to relieve employers from the holding in the *Teague* case, and intended by its use of the term "self-insurer" to cover any employer who carried his own risk and was not insured by workmen's compensation liability. Such a construction is in accord with our holding in *Willmeth v. Harris*, 195 Kan. 322, 403 P. 2d 973, that statutes should be so construed as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect even though the literal meaning of the words used therein is not followed. Further, that statutes should never be given a construction that leads to uncertainty, injustice, or confusion, if it is possible to construe them otherwise. Moreover, this

construction of the statute works no hardship upon any employee who is awarded workmen's compensation and from which award the employer has appealed to the district court. If the employer is a self-insurer, he is required as a part of his appeal, to file a bond in the district court undertaking to secure the payment of all compensation awarded to the employee, or he may file a certificate of a licensed or authorized insurance company that the amount of compensation awarded to the employee is insured by it. In any event, the payment of compensation awarded to the employee by the district court is secure, and in addition, the employer is required to pay to the employee the compensation due for the ten-week period next preceding the director's decision and to further pay compensation in accordance with the terms of the award during the pendency of the appeal. And of equal importance, is the fact that the employer is given his day in court to have the district court determine the validity and amount, if any, of the compensation award.

From the foregoing, we conclude that when Gibraltar tendered all medical payments due to the plaintiff, which he accepted, and also tendered the payment of compensation due for the ten-week period next preceding the director's decision, and made weekly tenders of the amount of compensation due him in accordance with the terms of the award, which he refused, there was no compensation due and payable to him within the meaning of 44-512a which the defendant had either refused to pay or had not tendered within twenty days after the date of service of the demand, and the plaintiff had no cause to recover a lump-sum judgment.

It follows that the judgment of the district court must be reversed.

FATZER, J., dissenting: The legislature has provided in K. S. A. 44-532 how an employer may become a self-insurer. Such an employer is required to furnish proof to the director of his or its financial ability to pay compensation awarded to his employees. The purpose of this requirement is obvious. It is to permit the director to determine in advance the financial ability of the employer to pay compensation, and if proof of such ability is lacking, to deny the application and require the employer to insure and keep insured the payment of compensation with a corporation or association authorized to transact the business of workmen's compensation in this state.

Since it is conceded that Gibraltar had not furnished proof to the director of its financial ability to pay compensation and thus be classified as a self-insurer within the meaning of 44-532, I think the court is unwarranted in construing 44-556 so as to include Gibraltar as a self-insurer. The legislature can speak with drastic clarity on all matters dealing with workmen's compensation and it is not to be supposed it would provide the manner in which an employer could be classified as a self-insurer in one section of the Act and ignore that classification or requirement in another section. Not being a self-insurer within the meaning of 44-532, Gibraltar was not entitled to make the tenders of compensation it did and, thereby, present a defense to plaintiff's action to recover a lump-sum judgment for all compensation then due and unpaid.

WERTZ, J., joins in the foregoing dissent.