No. 44,612

DALE F. SCAMMAHORN, *Plaintiff-Appellee,* v. GIBRALTAR SAVINGS & LOAN ASSOCIATION, *Defendant-Appellant.*

(416 P. 2d 771)

Opinion filed July 14, 1966.

*Alan W. Farley,* of Kansas City, argued the cause and was on the brief for the appellant.

*Joseph T. Carey,* of Kansas City, argued the cause, and *David W. Carson, John K. Dear, Ernest N. Yarnevich, John William Mahoney* and *John H. Fields,* all of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a workmen's compensation case in which the respondent, Gibraltar Savings & Loan Association, has appealed from an award of compensation made by the district court to the claimant, Dale F. Scammahorn.

The case has given rise to a rather lengthy chronology of judicial

activity; hence a narration of the background is deemed appropriate. The compensation award from which this appeal stems was originally rendered by the examiner and, after review, affirmed by the director. On November 22, 1963, respondent appealed to the district court. On December 5 claimant filed a demand for all compensation due to date under the award. Respondent refused to pay all sums due but did pay the medical benefits and tendered checks for the ten weeks next preceding the director's decision and the weeks up to the date of demand. Claimant accepted the medical benefits but refused the weekly compensation checks. On January 24, 1964, claimant filed an action pursuant to K. S. A. 44-512a for the full amount of the award and was granted a lump-sum judgment by the district court on June 16. The workmen's compensation appeal was subsequently dismissed by the district court on the basis it had become moot by reason of the judgment rendered in the K. S. A. 44-512a action. Both decisions of the district court were appealed by the respondent. In *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 220, 404 P. 2d 165, we held the lump-sum judgment was erroneously granted because respondent was entitled to the benefits of the provisions of K. S. A. 44-556 as a self-insurer, and its compliance with the statute constituted a complete defense to claimant's action. Accordingly, in *Scammahorn v. Gibraltar Savings & Loan Assn.*, 195 Kan. 273, 404 P. 2d 170, we reinstated respondent's appeal to the district court in the compensation case as not being moot.

Following these decisions, claimant, on July 15, 1965, again filed demand for all compensation due. On July 29 respondent tendered checks for only eleven weeks of compensation and subsequently tendered four weekly compensation checks. All tenders were refused by the claimant. Claimant then moved to dismiss the compensation appeal because of respondent's refusal to pay ten weeks' compensation preceding the director's award of November 20, 1963, and the weekly compensation due from that date, as required by K. S. A. 44-556. The district court overruled the motion to dismiss, heard the appeal on the merits, and on December 22, 1965, affirmed the award of the director. It is from this affirmance respondent has appealed. No cross-appeal has been taken by the claimant from the district court's order denying his motion to dismiss.

There is nothing in the record to indicate that claimant has instituted an action under the provisions of K. S. A. 44-512a to

recover a lump-sum judgment after refusal of the July 15, 1965, demand. The only course of action attempted by the claimant was the filing of his motion to dismiss.

We are first confronted with claimant's argument that the district court erroneously overruled his motion to dismiss the appeal. He contends the district court was without jurisdiction to entertain the appeal in that the appeal was not perfected as a result of the respondent's refusal to pay compensation as required by K. S. A. 44-556. In urging this court to consider the question despite his failure to cross-appeal, claimant rationalizes that since the record discloses lack of jurisdiction in the district court, it becomes the duty of the supreme court to dismiss the appeal, inasmuch as jurisdiction is a question which can be raised at any stage of the proceedings, even by the court itself.

Under the language of K. S. A. 44-556, any party may appeal from any and all decisions, findings, awards or rulings of the director to the district court upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the director. Such appeal shall be *taken and perfected* by the filing of a written notice of appeal with the director within twenty days after the decision, finding, award or ruling appealed from shall have been made and filed by the director.

The question for our determination is whether or not compliance with the succeeding two provisos regarding the payment of compensation awarded by the director pending appeal to the district court, which were added to the statute by amendment in 1961, is jurisdictional to the perfection of an appeal. If it is not, the propriety of the district court's action in denying claimant's motion to dismiss cannot be considered by this court in the absence of a cross-appeal from that ruling.

The purpose of the 1961 amendment was fully explained in *Scammahorn v. Gibraltar Savings & Loan Assn.*, supra, p. 220, in which we said:

". . . it is obvious the legislature intended by its amendment to 44-556 that if an employer was insured for workmen's compensation liability, or if he was a self-insurer and had filed a bond with the district court pursuant to 44-530, he was relieved of payment of compensation during the first twenty days after the entry of the award if, within such twenty-day period, he perfected an appeal to the district court. However, the legislature also intended that if such an employer perfected an appeal to the district court, he was not relieved of payment of compensation due for the ten-week period

next preceding the director's decision and of additional payments in accordance with the terms of the award until the district court rendered its decision on the appeal. If an employer failed to make payment of compensation after his appeal was perfected, the legislature further intended that a statutory demand under 44-512a could be served." (p. 224.)

The requirements of K. S. A. 44-556 in perfecting an appeal from the district court to the supreme court were before us in *Magers v. Martin Marietta Corporation,* 193 Kan. 137, 392 P. 2d 148. The provision of the statute governing an appeal from the district court states that such appeal shall be *taken and perfected* by the filing of a written notice with the clerk of the district court within twenty days after the final order. In construing such provision, we stated:

"If the words 'taken and perfected' mean what they say, and we believe they do, for they are blunt and honest words of spotless lineage, then all that one need do under the statute to consummate or bring to perfection his appeal to this court is to file his written notice of appeal with the clerk of the district court. . . ." (p. 139.)

The provision of the statute relating to an appeal to the district court from an award of the director contains substantially identical language. A further provision therein to the effect that the perfection of an appeal to the district court shall not stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal, strongly suggests that it was intended that the 1961 amendments relating to the payment of such compensation have no bearing on the perfection of the appeal.

We hold, therefore, that all that is required of a party perfecting an appeal to the district court is the filing of his written notice of appeal with the director within the time prescribed. Furthermore, compliance with the 1961 amendments to the statute is not a jurisdictional requirement to the perfection of an appeal by an employer. No jurisdictional question being here involved, claimant's failure to cross-appeal from the district court's denial of his motion to dismiss precludes us from determining the propriety of the district court's action. (K. S. A. 60-2103 (*h*); *James v. City of Pittsburg,* 195 Kan. 462, 407 P. 2d 503.)

The facts giving rise to the claimant's injury were stated generally in *Scammahorn v. Gibraltar Savings & Loan Assn.,* supra, p. 273, and need not be repeated. The district court, in affirming the award of the director, specifically found that claimant's injury arose out of and in the course of his employment with respondent, that

the relationship of employer and employee existed, and that the workmen's compensation act governed the employment of the claimant by the respondent.

Respondent raises two points on appeal, namely, (1) the court erred in finding that the workmen's compensation act governed the employment of claimant by respondent, and (2) there was no evidence upon which the district court could find the injury arose out of and in the course of claimant's employment with the respondent.

In considering the first point, we note a statement in *Scammahorn v. Gibraltar Savings & Loan Assn.*, supra, p. 273, that the primary question presented to the district court by the respondent's appeal in the compensation case was *"whether the workmen's compensation act governed the employment of claimant by the respondent."* Claimant now challenges respondent's right to raise this question for the reason it was for the first time asserted in respondent's argument to the district court at the hearing of the appeal. In the words of the claimant, "It would be manifestly unfair to consider this purported 'primary question' without it having been specifically raised at some stage of the original proceedings. Litigants could be lulled into a false sense of security and then after the record was entirely closed, have an entirely new and different issue presented."

The record reflects respondent made no objection to the jurisdiction of the workmen's compensation director, nor was the question of whether or not the parties were governed by the act mentioned or brought to the attention of the examiner.

It is well settled that the jurisdiction of the district court in workmen's compensation cases is to grant or refuse compensation, or to increase or decrease any award as justice may require. K. S. A. 44-556.) The district court may not grant a trial *de novo* nor hear new evidence, but takes the case on the transcript of the proceedings had before the director, acting by and through his duly appointed examiner (K. S. A. 44-551), and makes an independent adjudication of the facts and law therefrom. (*Ratzlaff v. Friedeman Service Store*, 195 Kan. 548, 407 P. 2d 513; *Landes v. Smith*, 189 Kan. 229, 368 P. 2d 302; *Fleming v. National Cash Register Co.*, 188 Kan. 571, 363 P. 2d 432; *Place v. Falcon Seaboard Drilling Co.*, 186 Kan. 523, 350 P. 2d 788.)

In compensation cases the issues are resolved at the commencement of the hearing before the examiner by stipulations of the parties. At the hearing the parties have the opportunity to present evidence on the issues defined, including any defenses asserted by

the respondent and its insurance carrier. (*Place v. Falcon Seaboard Drilling Co.,* supra.)

The record is finalized before the examiner for all future stages of the proceedings. Thus, an issue of fact cannot be raised for the first time in district court on appeal. (100 C. J. S., Workmen's Compensation §§ 692, 697.) To hold otherwise would be manifestly unfair, for a party, in making his record before the examiner, would be required to anticipate new and different issues that for the first time might be advanced in district court. Our reasoning is buttressed by the language of K. S. A. 44-556 to the effect that any party may appeal upon questions of law and fact as *presented and shown* by a transcript of the evidence and proceedings presented before the director.

Here the question of whether or not the workmen's compensation act governed the employment of the claimant by the respondent necessarily involved a question of fact. It was never raised by the respondent at the proceedings before the examiner. Thus, claimant had no opportunity to present evidence on the issue. Under such circumstances, the question, although determined adversely to the respondent by the district court, was really not before the court for determination. Consequently, respondent cannot now pursue the point on appeal.

Notwithstanding the manner in which respondent states its second point on appeal, it would appear from respondent's brief the essence of its complaint is that there was no evidence to sustain the district court's finding of an employer-employee relationship.

On the appeal of a compensation case to this court our function regarding questions of fact is to review the record to determine whether or not it contains substantial evidence to support the district court's finding, and in so doing we consider all the evidence in the light most favorable to the prevailing party below. If such finding is supported by substantial evidence, it is conclusive and will not be disturbed on appeal. (*Atwell v. Maxwell Bridge Co.,* 196 Kan. 219, 409 P. 2d 994, and cases cited therein.)

In light of the foregoing rules of appellate review, we find in the record evidence disclosing that claimant was hired as a carpenter by Don Larson, an officer of the respondent, to put a two-by-four redwood band around the edge of a swimming pool located within the basement of a dwelling which had been repossessed by the respondent. The respondent provided the materials to be used in claimant's work. Claimant was paid an hourly wage by the re-

spondent. Larson told the claimant exactly what he wanted done to the swimming pool. Larson had stopped by the job about one hour before claimant was injured and checked over the work claimant was doing. Claimant testified he was working for the respondent at the time he was injured.

This court has had frequent occasion to discuss the conditions under which a claimant is either an employee under the workmen's compensation act or an independent contractor. The distinction was carefully delineated in *Jones v. City of Dodge City*, 194 Kan. 777, 402 P. 2d 108. One of our most recent pronouncements on the subject was in *McCarty v. Great Bend Board of Education*, 195 Kan. 310, 403 P. 2d 956, in which we stated:

> "In general, it may be said that an independent contractor is one who, in the exercise of an independent employment, contracts to do a piece of work according to his own methods and who is subject to his employer's control only as to the end product or final result of his work. (*Krug v. Sutton*, 189 Kan. 96, 366 P. 2d 798.) On the other hand, an employer's right to direct and control the method and manner of doing the work is the most significant aspect of the employer-employee relationship, although it is not the only factor entitled to consideration. An employer's right to discharge the workman, payment by the hour rather than by the job, and the furnishing of equipment by the employer are also indicia of a master-servant relation. (*Jones v. City of Dodge City*, supra.)" (p. 311.)

Also, see *Atwell v. Maxwell Bridge Co.*, supra.

Respondent argues that claimant was working according to his own methods and without being subject to its control, citing *Krug v. Sutton*, supra, and thus was not an employee. The case is not helpful to the respondent, for the facts bear little or no similarity to those of the instant case.

Respondent further asserts that it had no right of control over claimant in the performance of his work, presumably on the basis he was employed to do the job according to his own methods. The short answer to this argument is that the fact an employee may use his own judgment and skill in the manner of performing his work does not of itself make him an independent contractor. The important factor is that claimant was at all times subject to respondent's direction and control, whether exercised or not. A similar contention was advanced in *Jones v. City of Dodge City*, supra.

Guided by the foregoing rules, we encounter no difficulty in concluding that the record reveals substantial evidence to support the district court's determination that claimant was an employee of the respondent.

The judgment is affirmed.