No. 45,438

MARION A. (SIEBERT) KRUEGER and DAVID D. SIEBERT, by his Mother and Next Friend and Natural Guardian, MARION A. (SIEBERT) KRUEGER, *Appellants*, v. ORVILLE J. HOCH and R. F. HOCH, d/b/a HOCH's DAIRY, ORVILLE J. HOCH, d/b/a VICTORY ALL STAR DAIRY, and ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Appellees*.

(447 P. 2d 823)

Opinion filed December 7, 1968.

*Byron M. Gray*, of Topeka, argued the cause, and *Charles L. Davis, Jr.*, and *Robert D. Hecht*, all of Topeka, were with him on the briefs for the appellants.

*Jerry W. Hannah*, of Topeka, argued the cause, and *Harry W. Colmery*, *Clayton M. Davis, Mark L. Bennett, Wilbur G. Leonard, Robert A. McClure, Frank C. Sabatini, Howard H. Becker, Gerald J. Letourneau, John E. Wilkinson, Mark L. Bennett, Jr., John E. Davis*, and *Raymond L. Spring*, all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from an adverse ruling in an action commenced under the provisions of K. S. A. 44-512a. The controversy arises out of a workmen's compensation proceeding in which an award of compensation was set aside by a decision of this court in *Siebert v. Hoch*, 199 Kan. 299, 428 P. 2d 825.

The facts are not disputed.

On February 11, 1966, the district court entered a judgment awarding compensation to claimants (appellants herein). The defendants and their insurance carrier (appellees herein) appealed.

A decision of this court reversing the judgment of the district court and setting aside the award was filed on June 30, 1967. In the

interim payments to claimants totaling $8,504.00 had been made in accordance with the provisions for nonstay of payments pending appeal required by K. S. A. 1967 Supp. 44-556.

On June 12, 1967, the last payment of compensation was made.

On June 29, 1967, claimants filed a motion in this court for an extension of time in which to file a motion for rehearing. The motion was granted and claimants were given an additional twenty days. On July 19, thirty-nine days after the decision was filed, claimants filed their motion for rehearing. The motion was denied on August 31 and on September 1 a mandate was issued by the clerk of this court and received by the clerk of the district court on September 5.

On June 26 claimants made a demand for payment under K. S. A. 44-512a. No payments were made in response to the demand and this action was commenced by claimants on July 20, 1967.

After pleadings were completed both parties filed motions for summary judgment. The motions were argued and the district court filed its decision in favor of defendants (appellees herein) on February 27, 1968. After the denial of a motion for reconsideration claimants perfected this appeal.

Only one question is presented—are claimants in a workmen's compensation case entitled to relief under K. S. A. 44-512a against an employer and his insurance carrier who have made payments in accordance with the decision of the district court, but who discontinued said payments subsequent to the filing of a decision of reversal with the Clerk of the Supreme Court?

The appellants claim the decision of this court, reversing the award for workmen's compensation, did not become effective until the mandate of this court was filed with the clerk of the district court on September 5, 1967.

Appellees claim that no compensation became due after the award was set aside by a decision filed with the clerk of this court on June 10, 1967.

After noting statutes and rules pertaining to the filing of opinions of this court, the district court reasoned in substance that a decision of this court, announced by the filing of an opinion, is a judgment and effective when the opinion is filed and that the mandate is only a ministerial act to carry the judgment into effect.

While the reasoning of the district court is persuasive and supported by some authority (see *Save The Trains v. Chicago & N. W. Ry. Co.*, 168 Neb. 180, 95 N. W. 2d 334), we think it unnecessary to

reach beyond the provisions of the Workmen's Compensation Act to resolve the issue.

We have repeatedly held in a long line of decisions that the act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself. (*Teague v. George*, 188 Kan. 809, 365 P. 2d 1087, and cases cited therein.)

The right to appeal and procedures in connection therewith in workmen's compensation proceedings are fully set out in K. S. A. 1967 Supp. 44-556. The statute provides complete and exclusive procedures pertaining to appeals. No provision is found therein that supports the position taken by appellants.

Appeals to the supreme court are provided for as follows:

". . . *Provided further,* That any such party to the proceedings may appeal from any findings or order of the district court to the supreme court on questions of law: *Provided, however,* The compensation payable under the decision of the district court shall not be stayed pending such appeal to the supreme court.

"Such appeal to the supreme court shall be taken and perfected by the filing of a written notice of appeal with the clerk of the district court within twenty (20) days after the final order of said district court, and thereafter such appeal shall be prosecuted in like manner as other appeals in civil cases, and shall take precedent over other cases except cases of a like character. The clerk of the supreme court and the clerks of the several district courts shall furnish the director with certified copies of decisions and judgments in workmen's compensation cases rendered by their respective courts."

By the plain language of the statute the right of appeal to the supreme court is qualified by the requirement that compensation payable be not stayed. In other words, continuance of payments is a prerequisite of the right to appeal as well as a requirement pending appeal. When a decision is filed, the clerk is required to furnish the director a certified copy thereof. We believe the language of the statute clearly contemplates that on the filing of a decision, which sets aside an award of compensation, as in this case, the requirement that compensation payable be not stayed, no longer obtains. The statute contains no provision requiring further payment of compensation, in such a case, after the decision is filed.

The judgment is affirmed.