No. 45,868

Darrel Kissick, *Appellant*, v. Salina Manufacturing Company, Incorporated, and Bituminous Casualty Corporation, *Appellees.*

(466 P. 2d 344)

Opinion filed March 7, 1970.

*George E. McCullough* of McCullough, Parker, Wareheim, LaBunker & Rose, of Topeka, argued the cause and was on the brief for the appellant.

*C. Stanley Nelson* of Hampton, Royce, Engleman & Nelson, of Salina, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This is a workmen's compensation case. The trial court entered an award in favor of the claimant, Darrel Kissick, and he has taken an appeal.

The facts are not in dispute. Those which are germane to the sole point in issue are as follows: On February 13, 1969, the respondents, Salina Manufacturing Company, Inc. and its insurance carrier, Bituminous Casualty Corporation appealed to the Saline County District Court from an award of the Director of Workmen's Compensation which granted the claimant temporary total disability for a hernia and permanent partial disability for a back injury. Payment of compensation, as required by law pending appeal, was not made and on March 14, claimant served a written demand on his employer pursuant to the provisions of K. S. A. 44-512a. In compliance with this demand the respondents brought compensation up-to-date as of March 24, and no complaint is made of any deficiency existing prior to that date.

On June 6, 1969, claimant's attorney advised respondents' counsel by telephone that payments were again not being made and that he was filing a motion to dismiss the respondents' appeal. Counsel for respondents replied that if compensation was not current he was sure it was an oversight and not intentional. On the same date, June 6, 1969, a draft was forwarded to claimant's lawyer covering compensation then due, and payments of compensation have been made regularly ever since that time. On June 9, 1969, the claimant,

without making any demand under K. S. A. 44-512a, filed a motion to dismiss the appeal.

On September 8, 1969, the district court, in overruling claimant's motion to dismiss the appeal, found that payments of compensation required by K. S. A. 1969 Supp. 44-556 were current on the date of hearing and that failure of respondents to make payments between March 24, 1969, and June 6, 1969, "was inadvertent and unintentional as no oral or written demand for compensation was made upon them." At the same time the district court entered an award for temporary total disability based on the hernia injury but found that claimant's back injury did not arise out of or in the course of his employment with the Salina Manufacturing Company, Inc.

The sole issue presented on appeal is whether the trial court erred in overruling claimant's motion to dismiss the appeal taken by respondents from the director's award.

In contending that his motion to dismiss the appeal was proper, and should have been sustained, the claimant relies on the provisions of K. S. A. 1969 Supp. 44-556 in conjunction with language found in three of our recent opinions.

So far as material to the question now before us, K. S. A. 1969 Supp. 44-556 provides in substance that any party may appeal from the director's decisions, rulings and awards to district court within 20 days after the same have been made and filed, that no compensation shall be due or payable until expiration of such 20-day period, and that past due compensation shall not be payable if within such period notice of appeal has been filed; provided, however, that perfection of the appeal shall not stay payment of compensation due for the period of ten weeks next preceding the director's decision and for the period between the director's decision and the decision of the district court on appeal.

A reading of the entire statute will disclose no provisions for imposing penalties or sanctions upon the employer's failure to pay the compensation mentioned in the proviso, nor any method prescribed for enforcing its collection. However, this court has held that where payments of compensation called for in K. S. A. 1969 Supp. 44-556 are not paid pending an appeal from the director's award, the workman may invoke the provisions of K. S. A. 44-512a by making demand for compensation then due and payable, and that such demand, if not met, will accelerate the entire amount of compensation awarded by the director and recovery thereof may be

had by suit as for a debt. (*Teague v. George,* 188 Kan. 809, 365 P. 2d 1087; *Casebeer v. Alliance Mutual Casualty Co.,* 203 Kan. 425, 454 P. 2d 511.)

In *Scammahorn v. Gibraltar Savings & Loan Assn.,* 195 Kan. 220, 224, 404 P. 2d 165, this court observed:

". . . However, the legislature also intended that if such an employer perfected an appeal to the district court, he was not relieved of payment of compensation due for the ten-week period next preceding the director's decision and of additional payments in accordance with the terms of the award until the district court rendered its decision on the appeal. If an employer failed to make payment of compensation after his appeal was perfected, the legislature further intended that a statutory demand under 44-512a could be served."

We turn now to the cases on which the claimant places reliance to support his position in this appeal.

In *Krueger v. Hoch,* 202 Kan. 319, 447 P. 2d 823, the following language was used in connection with the provisions of K. S. A. 1967 (now 1969) Supp. 44-556:

"By the plain language of the statute the right of appeal to the supreme court is qualified by the requirement that compensation payable be not stayed. In other words, continuance of payments is a prerequisite of the right to appeal as well as a requirement pending appeal. . . ." (p. 321.)

Shortly after Krueger was decided, the case of *Casebeer v. Alliance Mutual Casualty Co.,* supra, made its appearance before this court. That case involved an action brought by a workman to recover a lump sum judgment under K. S. A. 44-512a. In the course of our opinion we quoted the foregoing language from *Krueger,* and on pages 434, 435, added this paragraph:

"As indicated, this court was kept completely in the dark concerning Alliance's willful disregard of 44-556 pending its appeal [in the original compensation action], and of proceedings in the plaintiff's 44-512a action in the court below. Had we been so advised, this court would have dismissed the appeal, and its decision on the merits under the circumstances which attend may not be construed to operate to Alliance's advantage, or to the plaintiff's disadvantage, since it was obtained by Alliance in violation of law."

Our latest expression on the subject is found in *Griffith v. State Highway Commission of Kansas,* 203 Kan. 672, 456 P. 2d 21, wherein we quoted copiously from the *Casebeer* case, including its adoption of the language found in *Krueger* which has already been set out.

The gist of the claimant's argument, which he endeavors to sustain by referring to the statute (44-556) and the foregoing cases, is simply this: that payment of the compensation required

by the statute is a prerequisite to maintenance of an appeal and that once a payment becomes in default an employer no longer has the right to maintain and have his appeal heard. Hence, so the claimant asserts, respondents' appeal should have been dismissed, even though at the time the motion to dismiss was overruled no delinquency actually existed.

In response to the claimant's contention, the respondents maintain that the language quoted from *Krueger, Casebeer* and *Griffith* was simply dicta and not germane to the issues determined therein; that the Workmen's Compensation Act is complete within itself and contains no provision authorizing dismissal of an appeal; and that the legislature has provided a means for enforcement of payment pending appeal through the procedures provided by K. S. A. 44-512a.

We find considerable merit in the arguments advanced by the respondents. They are, we must concede, quite correct in pointing out that the language quoted from the three cases just cited was dicta and was not essential to the decision reached in any one of them.

The facts in *Krueger v. Hoch,* supra, were these: On a prior appeal to this court a compensation award entered by the district court of Shawnee County had been reversed. The opinion of reversal was handed down June 10, 1967. A motion for rehearing was filed, which was not overruled until August 31, time having been extended to file the motion. In the meantime, and on June 26, demand for compensation was made under 44-512a. When the demand was not met, suit was filed to recover a lump sum judgment. The sole point in issue in the 512a action was whether compensation became due and payable between the time the decision was handed down and the date on which rehearing was denied. This court held that compensation did not fall due after the opinion was filed, and that claimant could not invoke the provisions of 44-512a for the reason that no compensation was due on the date demand was made. No issue was raised as to whether a failure to pay compensation coming due during the appeal would be cause for dismissing the appeal.

The issue involved in *Casebeer v. Alliance Mutual Casualty Co.,* supra, was whether the employer's failure to pay compensation for the ten-week period next preceding the director's award, and for the period after the director's decision and prior to the district

court's decision, would entitle the claimant to invoke the provisions of 44-512a. This issue was resolved in the workman's favor, but again no issue was raised as to the dismissal of an appeal for nonpayment of compensation, and our remarks in that respect were purely gratuitous.

A similar situation obtained in *Griffith v. State Highway Commission of Kansas*, supra. There, the commission had appealed from the director's award but failed to pay the compensation required by 44-556. A written demand for payment was made which apparently lost its way among the papers on somebody's desk. As a result, payment of compensation was not made pursuant to the demand and action was commenced under 44-512a to recover the entire amount of the director's award. The issue raised in the case was not whether the workman might have moved to dismiss the employer's appeal from the director's award, but whether he could prosecute his action for the full amount of the award even though that award had later been reduced by the district court. We answered that question in the affirmative. Our observations with respect to the dismissal of appeals were purely extraneous.

This court has been both consistent and persistent in holding that the Workmen's Compensation Act is complete within itself, prescribing its own procedures, which are not to be supplemented by rules borrowed from the Code of Civil Procedure. (*Fleming v. National Cash Register Co.*, 188 Kan. 571, 363 P. 2d 432; *Magers v. Martin Marietta Corporation*, 193 Kan. 137, 392 P. 2d 148; *Krueger v. Hoch*, supra.) In *Tompkins v. Rinner Construction Co.*, 196 Kan. 244, 409 P. 2d 1001, we said:

"The workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself. (*Anchor Casualty Co. v. Wise*, 172 Kan. 539, 241 P. 2d 484, *Teague v. George*, 188 Kan. 809, 812, 365 P. 2d 1087)." (p. 247.)

In *Krueger v. Hoch*, supra, we held this rule applicable with specific relation to K. S. A. 1967 (now 1969) Supp. 44-556, and said:

"We have repeatedly held in a long line of decisions that the act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself. . . .

"The right to appeal and procedures in connection therewith in workmen's compensation proceedings are fully set out in K. S. A. 1967 Supp. 44-556. The statute provides complete and exclusive procedures pertaining to appeals. . . ." (p. 321.)

Significantly, the appeal statute, K. S. A. 1969 Supp. 44-556, makes no provision for the dismissal of an employer's appeal upon his failure, pending appeal, to make the payments specified therein. Neither has our attention been directed to any such provision elsewhere in the Workmen's Compensation Act and we are scarcely in a position at this time to interpolate additional procedures into the Act.

Moreover, we have recently said that failure on the part of an employer to pay the compensation due during an appeal was not jurisdictional to the perfection of the appeal itself. In *Scammahorn v. Gibraltar Savings & Loan Assn.,* 197 Kan. 410, 416 P. 2d 771, the claimant filed a 44-512a demand against the respondent for compensation due and unpaid pending an appeal from the director's award. When the demand was not met, the claimant did not file suit for a lump sum judgment pursuant to 44-512a but, instead, moved to dismiss the employer's appeal.

The district court overruled the motion to dismiss the employer's appeal, proceeded to consider the appeal on its merits and affirmed the director's award. The employer then appealed to this court. In his argument to this court the workman, although he had not cross-appealed, contended the district court had lacked jurisdiction in the first instance to entertain the employer's appeal, in that the appeal from the director's award had not been properly perfected because compensation, as required by 44-556, had not been paid. In rejecting this argument, we said:

"We hold, therefore, that all that is required of a party perfecting an appeal to the district court is the filing of his written notice of appeal with the director within the time prescribed. Furthermore, compliance with the 1961 amendments to the statute [K. S. A. 1969 Supp. 44-556] is not a jurisdictional requirement to the perfection of an appeal by an employer. . . ." (p. 413.)

Applying to this case the rationale of *Scammahorn,* we are constrained to say that payment of the compensation required by K. S. A. 1969 Supp. 44-556 to be paid pending appeal from the director's award is not a jurisdictional prerequisite to the maintenance of such appeal. Conversely, the failure to make such payments will not constitute a valid ground for dismissing the appeal.

Our conclusion does not leave a claimant without remedy should his employer fail or refuse to pay compensation due pending the appeal. The statute, K. S. A. 1969 Supp. 44-556, clearly directs that an appeal from the director's award shall not stay payment

of compensation due for the ten-week period next preceding the director's decision and during pendency of the appeal. If compensation is not paid when due, the workman has been provided with a handy and effective tool to force compliance, namely, the procedure outlined in K. S. A. 44-512a. Use of this statute, in our opinion, is the means by which the legislature intended all compensation due and payable should be enforced, including that which is due pending appeal. In *Griffith v. State Highway Commission of Kansas*, supra, this view finds expression in syllabus 2:

"K. S. A. 44-512a is the declared public policy of the state that compensation awards shall be promptly paid, and is the means selected by the Legislature to insure their enforcement, and applies to all awards or judgments without the slightest qualification."

Claimant suggests, somewhat obliquely, that the cost of serving written demand under 44-512a would be burdensome. His argument is not particularly impressive, if for no other reason than that it conveniently overlooks that part of the statute which provides that notice may be served personally.

The decision we have reached in this case requires our disapproval of conflicting language in *Krueger v. Hoch,* supra, *Casebeer v. Alliance Mutual Casualty Co.,* supra, and *Griffith v. State Highway Commission of Kansas,* supra.

No error appears on the part of the court below and its judgment is affirmed.