No. 41,360

DONALD D. REED, *Appellee*, v. CLAY CENTER CONCRETE AND SAND CO., INC., and PHOENIX ASSURANCE COMPANY OF NEW YORK, *Appellants*.

(336 P. 2d 405)

Opinion filed March 7, 1959.

*George V. Allen*, of Lawrence, argued the cause and was on the briefs for the appellants.

*John Berglund*, of Clay Center, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. The commissioner found and concluded that claimant suffered a permanent partial loss of the use of his right leg and awarded him compensation therefor. On review of the record of evidence taken by the commissioner, the trial court modified the award and found that the claimant suffered a fifteen per cent permanent partial disability to the body as a whole, entering judgment accordingly, from which judgment respondent employer and its insurance carrier appeal.

The determinative question in this case is whether there was any evidence to support the findings of the trial court that claimant sustained bodily injury outside and beyond the specific injury to the leg. Respondent concedes the elementary rule of law that this court is not concerned with disputed questions of fact, and that if

there is any evidence to support the findings and award of the district court in a workmen's compensation appeal, then this court will affirm the lower court's findings and judgment. (G. S. 1957 Supp., 44-556; *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370, and cases cited therein.) However, respondent contends there is no substantial evidence in the record that claimant's disability extended beyond his right leg.

An answer to respondent's contention requires a brief review of the evidence. All the facts essential to the case were stipulated, with the exception of the extent of claimant's injury and the amount of compensation due him. On January 30, 1957, Donald D. Reed, claimant (appellee), during the course of his employment with the Clay Center Concrete and Sand Co., Inc., respondent (appellant), was working over a lintel table where concrete slabs were made when his pants leg caught in a V-belt on the machine and he was flipped into the air and thrown onto the concrete floor, injuring his right leg. He was taken to the hospital for treatment and on April 1, 1957, was sent to Dr. Creighton A. Hardin, who, on April 10, in an effort to alleviate claimant's pain and disability in his right leg, performed a sympathectomy; *i. e.*, an incision was made in the lateral sides of the abdomen between the lower rib and the pelvis, and two lumbar sympathetic ganglia, each 2.5 centimeters long, were removed. Claimant was released to return to work as fully recovered and did return July 5, 1957, but he still suffered pain from the point of the operation down through his hip into his leg and ankle, suffered sleeplessness, walked with a limp, had to stop work frequently to rest and took pills for pain and sleeplessness. Because of his injuries he was unable to perform the heavy lifting required in his former job and he resigned to clerk in a store.

Dr. Frank L. Feierabend testified that his examination of claimant revealed a sympathectomy had been performed to correct a Sudeck's atrophy, a condition developing after trauma and involving the blood vessels, which interfered with the blood supply to the leg; that the scar from the operation and the surgery performed on claimant were bound to have some effect on the body as a whole; that he doubted very much if the pain would disappear with additional time. He further testified: "I don't see how anyone could rate this man only on the lower extremity and I rate him on the body as a whole and do not intend to change it." "But the surgery is done much higher than the lower extremity and the surgery is

why I make the rating on the body as a whole. I am quite certain that if I rated this man on his ankle or his lower extremity that the commissioner would wonder, or the referee would wonder, what had happened to me." "Taking into consideration the sympathectomy and the difficulty in the right lower extremity, I would say the disability is in the neighborhood of 15 to 20 per cent, and that is the rate I make on the body as a whole."

Dr. William Q. Wu, a practicing neurosurgeon, testified in substance that claimant complained of pain in and from his right foot upward to the groin and that he suffered not only disability to the leg but disability, not exceeding fifteen per cent, to the body as a whole.

Claimant testified that his right leg ached and if he stood on it for a period of time he had to get off it and rest awhile; that his leg ached, "From where I was hit by the shaft on the V-belt or motor, up into my hip where they did this sympathectomy," and it pained him when he used it a "considerable amount."

In view of the foregoing, as well as other testimony contained in the record, we are of the opinion the evidence was sufficient to sustain the trial court's findings and judgment. It follows that the judgment of the trial court is affirmed.

It is so ordered.