No. 41,893

Elmo L. Shepherd, *Appellee,* v. The Gas Service Company, *Appellant.*

(352 P. 2d 48)

Opinion filed May 14, 1960.

*Harold H. Croghan,* of Kansas City, Missouri, argued the cause, and *Basil W. Kelsey* and *Winton A. Winter,* both of Ottawa, were with him on the briefs for the appellant.

*James H. Barnes,* of Kansas City, argued the cause, and *Fred Bredehoft,* of Kansas City, Missouri, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. We will hereinafter refer to appellee, Elmo L. Shepherd, as claimant, and appellant, the Gas Service Company, as respondent. Claimant was awarded compensation by way of medical and hospital treatments based upon a finding that his injury resulted in a disability caused by the aggravation of a pre-existing condition. From the award of the trial court, respondent appeals.

A brief résumé of the pertinent facts follows: At the time of the injury claimant had been an employee of respondent for more than thirteen years. On October 22, 1958, in the course of his employment, while lying on his back on the floor adjusting a gas heater, he reached to the right for a tool and twisted his back, suffering a pain in the left side thereof. He reported the incident the same day to his superintendent, who sent him to the company doctor, who in turn sent him to Dr. Szabados, an orthopedic surgeon. The latter injected medication "into a little knot on the left side in the small of claimant's back," giving him complete relief from pain for about three days. The claimant testified that his back bothered him more at night after work and that the day of the hearing the pain in his back was about the same as immediately after the incident. However, he continued in respondent's employment at the same wage.

Dr. Szabados examined claimant on October 23, 1958, one day after the accident, and again on March 5, 1959, and found a "fat hernia in the left lower back region and some pre-existing conditions in the lower spine"; in the October 23 examination he found backward bending was twenty degrees, with discomfort at the lower left back, side bending right and left to twenty degrees, both causing discomfort at the lower posterior iliac spine areas where a tender nodule was present, with torso hyperextension very painful on twisting to right only. He testified, "The anesthesia injected into the nodule would have relieved any pain in that part of the back."

Dr. Feierabend, specializing in industrial and orthopedic work, testified that he made a complete physical examination of claimant, with X rays of the low back, in February of 1959, and that, assuming claimant had recovered from two other back injuries and had

the type of injury described by him, the "November [October], 1958" injury was the "causative factor of his trouble." The doctor made a final estimate of permanent injury and disability arising out of the low back as twenty per cent. He found some aggravation of pre-existing weaknesses.

Dr. Diveley examined claimant on November 18, 1958, and recommended further treatment by Dr. Szabados. Further treatments were denied claimant as respondent's attorney stopped them.

The trial court found that claimant met with personal injury by accident on October 22, 1958, aggravating a pre-existing condition; that the accident arose out of and in the course of his employment with respondent; that as a result of the accident the claimant suffered no temporary total disability, since he did not miss any work but continued with his duties; that as a result of claimant's injuries he sustained no permanent partial disability and hence no compensation was found to be due, and that medical treatment of claimant by Dr. Szabados in an unkown amount should be paid. The court ordered an award of compensation in favor of the claimant and against the respondent for medical and hospital treatments in a sum not to exceed $2,500 necessary as a result of claimant's accidental injury to his back on October 22, 1958, said medical and hospital treatments not to exceed a period of 120 days after final judgment. Respondent appeals from this order.

Respondent first contends that the evidence is insufficient to support the trial court's finding that claimant met with personal injury by accident on October 22, 1958. The question of whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact, and under G. S. 1959 Supp., 44-556 the appellate jurisdiction of this court is confined to reviewing questions of law only. It is therefore necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and, in so doing, this court is required to review all testimony in the light most favorable to the prevailing party below. If, when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed. (*Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370; *Heer v. Hankamer Excavating Co.*, 184 Kan. 186, 334 P. 2d 372; *Reed v. Clay Center Concrete & Sand Co.*, 184 Kan. 374, 336 P. 2d 405, and *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 325 P. 2d 59.) Although there

was disputed evidence as to when and how claimant's back injury developed, a careful review of the record reveals sufficient testimony to sustain the trial court's finding on the mentioned issue.

Respondent further contends the trial court found that claimant suffered no disability, and inasmuch as he remained in respondent's employment at the same work and wage as before the injury he is not entitled to compensation.

We will start with the assumption that the workmen's compensation act is founded broadly upon considerations of public policy. Its purpose is to provide protection to workmen within the limits established by the act. To this end this court is committed, in many decisions unnecessary to review, to a liberal interpretation of the act in favor of the employee. (*Bender v. Salina Roofing Co.,* 179 Kan. 415, 418, 295 P. 2d 662; *Leslie v. Reynolds,* 179 Kan. 422, 295 P. 2d 1076; *Forcade v. List & Clark Construction Co.,* 172 Kan. 119, 121, 238 P. 2d 549.)

While the trial court found that claimant suffered no temporary total or permanent partial disability since he did not miss any work, the court did not find that claimant did not suffer a temporary partial disability. It found that claimant met with personal injury by accident and ordered that respondent furnish medical and hospital treatment in the sum specified for medical care necessary as a result of claimant's accidental injury to his back. Inherent in the trial court's judgment is a finding that the claimant did suffer a temporary partial disability by reason of the accidental injury and that the same could be corrected by medical and hospital attention. It allowed compensation by way of medical treatment but inasmuch as claimant was working at the same wage made no allowance for compensation in weekly payments. The question of whether the trial court erred in the latter respect is not here for review as there is no cross-appeal by the claimant.

Respondent seems to contend that since the record discloses that after being injured claimant continued in the same job and performed the same duties of his employment at the same wage, he had no disability and no valid claim for compensation (G. S. 1949, 44-501).

It is a well-established rule in this state that an employee partially incapacitated by an injury from performing his labor does not lose his right to compensation under the workmen's compensation act by remaining in the employment of his employer at his former wage.

For a thorough discussion and analysis of our decision on this subject see *Alexander v. Chrysler Motor Parts Corp.*, 167 Kan. 711, 715, 716, 207 P. 2d 1179. See also *McGhee v. Sinclair Refining Co.*, 146 Kan. 653, 73 P. 2d 39.

G. S. 1959 Supp., 44-510 provides that the amount of compensation under the act shall be "(1) *Treatment and care of injured employees.*" It is apparent that under this statute the primary obligation imposed upon the employer in favor of the workman is to pay him compensation in the form of medical treatment and care. An award providing for the payment of certain medical treatment and care of the injured employee is an award of compensation to him, including all items that go to make up the award for his benefit, to the same extent as an award for certain weekly payments of compensation made in his favor. (*Owen v. Ready Made Buildings, Inc.*, 180 Kan. 286, 288, 303 P. 2d 168.)

Other matters discussed have been considered and found to be without merit. The judgment of the trial court is affirmed.

It is so ordered.