No. 43,442

FRANKIE GENE HOWERTON, *Appellant*, v. GOODYEAR TIRE AND RUBBER COMPANY of KANSAS, INC., and AETNA CASUALTY & SURETY COMPANY, *Appellees*.

(381 P. 2d 365)

Opinion filed May 11, 1963.

*George E. McCullough*, of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker* and *John Carpenter*, of Topeka, were with him on the briefs for the appellant.

*E. Gene McKinney*, of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes* and *Roscoe E. Long*, of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. We shall hereinafter refer to appellant Frankie Howerton as claimant and appellees Goodyear Tire and Rubber Company and its insurance carrier, Aetna Casualty & Surety Company, as respondent.

Claimant was awarded compensation by way of medical treatment based upon the findings that claimant suffered personal injury by accident which arose out of and in the course of his employment, and that as a result of said accident claimant suffered a minor aggravation of a pre-existing condition.

The pertinent facts can be summarized as follows: On Friday, October 6, 1961, the claimant was working at his regular job for Goodyear Tire and Rubber Company. He was handling burlap sacks of rubber tubes that weighed approximately 150 pounds apiece. When the claimant was lifting one of these sacks he had a sharp pain "like a streak of hot lightning" in his neck through his

shoulders. The claimant continued working that day, the next day, and the following week until Wednesday, October 11, 1961, when he blacked out on the job. The claimant was taken to the plant nurse who examined him and sent him to the company doctor, Dr. John Cavanaugh. Dr. Cavanaugh examined the claimant, had X-rays taken, furnished claimant with a neck brace and referred him to Dr. Roy Brown, an osteopathic physician. The claimant was released by Dr. Brown to go back to light work on the following Monday, October 16, and to resume regular work on October 25, 1961. The claimant did return to work and received his regular wage. The claimant performed his work while wearing his neck brace until December 26, when he changed jobs to lighter work in banberry clean-up, which new job entailed a certain amount of heavy work. At the time of the hearing before the examiner the claimant was still working on banberry clean-up.

The medical testimony before the examiner concerning the claimant's disability was conflicting. Dr. Brown, who treated the claimant for about two weeks, testified he released claimant on October 25, 1961, with no disability. Dr. Rex Wright, a chiropractor, testified he gave claimant twenty-three treatments up to December 22, 1961, and that claimant was in need of further treatment at that time. Dr. M. E. Pusitz testified he examined claimant on December 6, 1961, and took X-rays at that time. He felt at the time of the examination claimant had a work disability of about twenty per cent of the body as a whole. Dr. Pusitz recommended further treatment and was of the opinion claimant should not work during the course of the added treatments. Dr. Harry Kroll, an orthopedic surgeon, testified he examined the claimant on January 30, 1962, and from his examination found no evidence of any permanent disability.

On June 27, 1962, the examiner found the claimant had suffered personal injury by accident which arose out of and in the course of the employment. The examiner awarded the claimant compensation for the medical expense incurred to the date of the award. He also entered an award for twenty per cent temporary partial disability for 36.71 weeks to the date of the award, which would be followed by temporary total disability after the award for 378.29 weeks, or until further order of the director, and the examiner directed the respondent and its insurance carrier to furnish claimant the services of Dr. M. E. Pusitz for a period of not to exceed ninety days from the date of the award. Upon review, the

director found there was sufficient evidence to justify affirmance of the award. The respondent appealed to the district court.

On review of the record the trial court modified the director's award and found that on October 6, 1961, claimant suffered personal injury by accident which arose out of and in the course of his employment and as a result of the accident claimant suffered a minor aggravation of a pre-existing condition; that claimant incurred certain medical expenses, which the court allowed. The court further found claimant should have further medical treatment by Dr. Pusitz for a period not to exceed ninety days from the date of the award; and that although claimant suffered a minor aggravation of a previous chronic neck condition, the claimant did not suffer any disability, either temporary or permanent, and that claimant has at all times been able to perform the regular work required by his employment. The trial court ordered respondent to pay the medical bills incurred to the date of the award, to pay for any services rendered by Dr. Pusitz to the claimant for a period of ninety days from the date of the award, and to pay the costs of the proceedings.

From this order claimant appeals and contends (1) there was not sufficient evidence to base the trial court's finding of no disability, either temporary or permanent, and (2) the court erred as a matter of law in denying claimant payment of weekly compensation, for inherent in the court's order allowing compensation by way of medical treatment is a finding of disability, whether it be temporary or permanent.

As to claimant's first contention, it may be said that whether or not a workman suffered any disability by reason of an accident arising out of and in the course of his employment is a question of fact, and when determined by the district court will not be disturbed by this court where there is substantial evidence to sustain it. In other words, the existence, the extent and the duration of an injured workman's incapacity is a question of fact for the trial court to determine. (*Cody v. Lewis & West Transit Mix*, 186 Kan. 437, 443, 351 P. 2d 4; *Smith v. Jones*, 185 Kan. 505, 507, 508, 345 P. 2d 640; *Daugherty v. National Gypsum Co.*, 182 Kan. 197, 204, 318 P. 2d 1012; *Shepherd v. Gas Service Co.*, 186 Kan. 699, 352 P. 2d 48.)

In view of the foregoing no useful purpose would be gained in narrating the somewhat conflicting evidence in this case. We are satisfied there was sufficient evidence to support the trial court's

finding that claimant sustained no disability, either temporary or permanent. It is not for us to say what testimony should be given credence and what evidence should be disbelieved. We have neither the duty nor the authority to weigh the evidence, and it is of no consequence that had we been the trier of the facts we might have reached a conclusion with respect to such facts different from that of the trial court.

We adhere to the well-established rule laid down by this court that an employee partially incapacitated by an injury from performing his labor does not lose his right to compensation under the workmen's compensation act by remaining in the employ of his employer at his former wages. (*Shepherd v. Gas Service Co.*, 186 Kan. 699, 352 P. 2d 48; *Beal v. El Dorado Refining Co.*, 132 Kan. 666, 672, 296 Pac. 723.) Loss of earning power may result from his ineligibility to obtain work as well as from inability to perform procurable work due to the impairment of his physical fitness, and wages paid do not establish ability to earn. (*Daugherty v. National Gypsum Co.*, 182 Kan. 197, 318 P. 2d 1012.)

Claimant argues that *Shepherd v. Gas Service Co.*, 186 Kan. 699, 352 P. 2d 48, is controlling in this case. In that case the trial court found claimant met with personal injury by accident but that he suffered no temporary total or permanent partial disability, and made no finding that claimant did not suffer temporary partial disability. However, the trial court ordered respondent to furnish medical and hospital treatment in a sum specified for medical care necessary as a result of claimant's accidental injury to his back. We held that inherent in the trial court's judgment was the finding that claimant did suffer temporary partial disability by reason of the accident. In the instant case the court definitely found that claimant did not suffer any disability, either temporary or permanent; therefore, the *Shepherd* case is not controlling here.

Inasmuch as the trial court's finding of no disability, either temporary or permanent, is sustained by the record, there is nothing this court can do except affirm the judgment. Respondent and its insurance carrier made no objection to the allowance of compensation by way of medical treatment and did not cross appeal from the allowance of such; therefore, the propriety of that portion of the award is not here for review.

The judgment of the district court is affirmed.

ROBB, J., dissents.