No. 45,478

THEODORE CRAMER, *Appellee*, v. BLANKENSHIP PAINTING AND DECO-RATING COMPANY and AETNA CASUALTY & SURETY COMPANY, *Appellants.*

(449 P. 2d 555)

Opinion filed January 25, 1969.

*Roscoe E. Long*, of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes, Charles N. Henson, Peter F. Caldwell, R. Austin Nothern* and *Brock R. Snyder*, also of Topeka, were with him on the brief for the appellants.

*C. Bruce Works*, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a workmen's compensation case by the respondent and its insurance carrier from an order of the district court awarding compensation to the claimant in the sum of $3,744.30, in addition to compensation previously paid in the sum of $4,415.88 as a result of an accidental injury.

The primary question concerns the manner of computing compensation payable to the claimant on the facts in this case.

Theodore Cramer (claimant-appellee) was employed by Charles Whitacre, a subcontractor of Blankenship Painting and Decorating Company, and was working on the new Armour plant located at

Emporia, Kansas. The claimant sustained injuries when he fell from a scaffold while painting on the 27th day of April, 1964, at the Armour plant. Medical attention was immediately sought from a doctor in Emporia, who on the same day referred him to a hospital in Topeka. He remained in the Topeka hospital for a period of twelve days and was treated by Dr. Joyce, who continued treating him until the 29th day of November, 1965.

On the 1st day of July, 1964, a hearing was held before Examiner Sabatini at Emporia, Kansas, with the claimant present. Thereafter on July 8, 1964, the claimant received an award for temporary total disability for a total of 415 weeks. The examiner found the claimant temporarily totally disabled. At the hearing the claimant testified he did not know the nature and extent of his injuries. On the 18th day of July, 1964, the workmen's compensation director approved the award, and no appeal was taken from such award.

On the 23rd day of June, 1966, the respondent and its insurance carrier filed an application for review before Examiner Sabatini, and on the 17th day of August, 1966, Examiner Sabatini modified the award and found that the claimant was no longer temporarily totally disabled. He reserved ruling on permanent partial disability either to the scheduled member (claimant's left foot) or to the body as a whole.

On the 24th day of April, 1967, some three years after the injury Examiner Turner, who replaced Examiner Sabatini, made an award of 10% permanent partial disability to the body as a whole. The result was an award of $810.96, due at that time, and a remainder of 259.71 weeks at the rate of $6.03 per week.

The respondent then filed an application for modification and review on the 3rd day of May, 1967, and on the 12th day of July, 1967, the director reversed Examiner Turner. The director ordered a total of $702.24 be paid to the claimant. The portion of the director's order material to our discussion reads as follows:

". . . The director finds that the claimant has not sustained the burden of proving he has suffered disability to any part of his body other than his foot, as a result of an accidental injury he suffered on April 27, 1964. It appears that it was approximately 121 weeks after the accident before the claimant first complained about any problem with his back. Although it is not unusual for a back injury to be slow in manifesting itself, the director finds that in the instant case claimant's back problem is too remote in time to the date of the accident to have been caused thereby. Therefore the claimant's disability as a result of said accident must be limited to his foot. The director finds that as

a result of said accidental injury claimant suffered 119.29 weeks of temporary total disability, followed by 45% loss of use of the foot, and the award of the examiner should be modified to reflect these findings.

"It Is Therefore Ordered, Decreed and Adjudged That the award entered herein by Examiner Dan E. Turner on April 24, 1967, be and the same is hereby modified as follows: An award of compensation is hereby made in favor of the claimant, Theodore Cramer and against the respondent, Blankenship Painting and Decorating Company and its insurance carrier, Aetna Casualty and Surety Company, for 119.29 weeks of temporary total compensation at the rate of $42.00 per week, followed by a 45% loss of use of the foot, which amounts to 2.57 weeks of disability at the rate of $42.00 per week or the sum of $107.94. Respondent and insurance carrier have paid 105.14 weeks of temporary total disability, leaving a balance of temporary total disability compensation due and payable to be 14.15 weeks at the rate of $42.00 per week, or the sum of $594.30, making a grand total due and owing the claimant to be $702.24, which amount is ordered paid in a lump sum. In all other respects said award of April 24, 1967, is hereby affirmed."

The foregoing decision of the director was appealed to the district court of Lyon County on the 28th day of July, 1967. After several hearings the district court ultimately entered its judgment on the 10th day of June, 1968, wherein it found the sum of $3,744.30 to be due the claimant. The court found the claimant suffered 119.29 weeks of temporary total disability followed by 60% partial disability of his left foot. Claimant's average weekly wage was found to be $100.55. The court's computation was based upon the following findings:

"5. The respondent and insurance carrier have paid 105.14 weeks of temporary total disability leaving a balance due and owing of 14.15 weeks at $42 per week or $594.30.

"6. The claimant is entitled to a 60 percent disability to his left foot which is computed to be 75 weeks at $42 per week or $3,150. This amount is now due and owing."

Appeal was duly perfected to this court by the respondent and its insurance carrier on the 20th day of June, 1968, giving the following as their reasons for the appeal:

"The District Court erred in finding as a matter of law that claimant suffered 119.29 weeks of temporary total disability followed by 60 per cent partial disability to his left foot. The District Court further erred in finding as a matter of law that the claimant is entitled to a 60 per cent disability to his left foot which is computed to be 75 weeks at $42 per week or $3,150.00."

The appellants take the position the record discloses the claimant's injury was confined to a scheduled member of the body. They argue that the two doctors who treated the claimant (Dr. Joyce and Dr. Pusitz) both considered the claimant to have a temporary total dis-

ability of the left foot during the time of treatment. The appellants point out that these doctors gave the following disability to the left foot:

Dr. G. Bernard Joyce—who treated the claimant from April 28, 1964, to November 29, 1965—gave as of the latter date 50 to 60% permanent partial disability of the left foot.

Dr. M. E. Pusitz—who treated the claimaint from February 16, 1966, to August 13, 1966—gave as of the latter date 30% permanent partial disability of the left foot.

Dr. Pusitz, who treated the claimant after Dr. Joyce, performed an additional operation and testified he was able to reduce the claimant's disability to the left foot by reason thereof and by physical therapy. As to the left foot Dr. Pusitz discharged the claimant from treatment on August 13, 1966.

Upon the foregoing evidence the appellants contend the claimant's disability would be considerably less than the 60% figure as found by the district court, and it is urged the district court entered its decision contrary to the substantial evidence in the case. (Citing, *Johnson v. General Motors Corporation,* 199 Kan. 720, 724, 433 P. 2d 585.)

Actually, Dr. Pusitz saw the claimant again on September 10, 1966, for a condition of his low back. He further saw him on September 23, 1966, for his low back region. Inasmuch as the claimant did not perform any work while he was being treated by Dr. Joyce it appears from the record that his back did not bother him; that it was only after he attempted to resume employment that his back began to bother him. Dr. Pusitz made a final evaluation of the claimant's injury, including the low back area, and gave the percent of claimant's disability as follows:

"Regarding the back, there was a zero to 5% body disability. Regarding the left foot, there was a 30% disability. Now, in translating this to body disability, here in the State of Kansas, total loss of the foot is regarded as 30% of the body, so that he would have a 30% of thirty with reference to the body, which in my evaluation comes to 9% of the body. So that the total body disability, in rough figures, would be a minimum of 10% to a maximum of 15% of the body as a whole."

The claim for compensation filed by the claimant on the 1st day of July, 1964, indicated that he sustained personal injuries from the accident as follows:

"Crushed heel, injury to both legs, injury to spine and all parts of the body affected thereby."

The claimant's testimony taken on the 8th day of March, 1967, discloses that he called the nurse's attention to his back when he came into the Topeka hospital, and she informed him it was bruised. He further testified he was given some shots for pain; that he did not resume work until July, 1966; that his foot would swell up and his back bother him as a result of such work; and that his back bothered him more when he was working.

The appellants, in effect, are seeking to have this court review questions of fact. Under K. S. A. 44-556 a party is entitled to appeal to the Supreme Court in workmen's compensation proceedings on questions of law only. (*Shepherd v. Gas Service Co.*, 186 Kan. 699, 352 P. 2d 48.)

In *Reed v. Clay Center Concrete & Sand Co.*, 184 Kan. 374, 336 P. 2d 405, it was said:

"The determinative question in this case is whether there was any evidence to support the findings of the trial court that claimant sustained bodily injury outside and beyond the specific injury to the leg. Respondent concedes the elementary rule of law that this court is not concerned with disputed questions of fact, and that if there is any evidence to support the findings and award of the district court in a workmen's compensation appeal, then this court will affirm the lower court's findings and judgment. . . . " (pp. 374, 375.)

The trial court took into consideration the testimony of the claimant together with the expert testimony of the medical doctors in making the findings which the appellants challenge. While the medical testimony standing alone may have warranted a finding that claimant's injury was confined to his left foot, when such testimony is considered with the claimant's testimony the evidence is sufficient to support the findings made by the trial court. Viewed in this light the record contains substantial competent evidence to sustain the findings. (*Hanna v. Edward Gray Corporation*, 197 Kan. 793, 421 P. 2d 205.)

After a careful review of the record we hold it contains substantial competent evidence to support the trial court's findings that the claimant suffered 119.29 weeks of temporary total disability, followed by 60% permanent partial disability of the left foot.

Did the trial court err in computing the 60% permanent partial disability to the claimant's left foot?

In making its decision the district court allowed the claimant a total of 119.29 weeks of temporary total disability *plus* 60% of 125 weeks.

Statutory provisions under the workmen's compensation act applicable hereto relating to the disability of a workman resulting from injury to a foot are:

K. S. A. 44-510 (3) (c) (14) which reads:

"For the loss of a foot, sixty percent (60%) of the average weekly wages during one hundred twenty-five (125) weeks."

K. S. A. 44-510 (3) (c) (21) which reads:

". . . For the permanent partial loss of the use of a . . . foot . . . compensation shall be paid at sixty percent (60%) of the average weekly wages, not in excess of forty-two dollars ($42) per week during that proportion of the number of weeks in the foregoing schedule provided for the loss of such . . . foot . . . which partial loss thereof bears to the total loss of a . . . foot . . . but in no event shall the compensation payable hereunder for such partial loss exceed the compensation payable under the schedule for the total loss of such . . . foot . . . exclusive of the healing period."

On this point the appellants' only challenge is whether the scheduled award runs in addition to the temporary benefit.

It is argued the district court did not compute the disability in accordance with the provisions of K. A. R., Rule No. 51-7-8. It reads in part:

"In case of an injury to a scheduled member wherein the workman sustains a period of temporary total disability followed by a percentage of permanent partial loss of use of such member, the rule of the director is that the period of compensable total disability is to be accounted for first, then that time deducted from the scheduled period and the percentage of this remaining time taken as the period of time payment of compensation is to be made." (p. 1385.)

Applying the foregoing rule to the instant case, the appellants argue that claimant's temporary total disability of 119.29 weeks must be deducted from the 125 weeks provided in the schedule for the total loss of the foot, leaving 5.71 weeks. Appellants further argue, assuming the permanent partial loss of the use of the left foot to be 45%, this percentage is taken of 5.71 weeks, giving 2.57 weeks, and for this 2.57 weeks compensation is owing at the full rate, making in all 121.86 weeks compensation to be paid.

We fail to see merit in the appellants' argument on the facts in the instant case.

The appellants concede the claimant was temporarily totally disabled from April 27, 1964, until August 17, 1966, because they requested a review and modification on June 23, 1966, and received a modification of the award on August 17, 1966. No review by the

director was ever requested as to the examiner's finding that the claimant was temporarily totally disabled.

Under the review and modification section of the workmen's compensation act here applicable, K. S. A. 44-528, an award of compensation provided for in the schedule of specific injuries as set forth in K. S. A. 44-510 is specifically excluded. In other words, had the initial award for temporary total disability been for a scheduled member, as the appellants now argue, there would have been no modification and review. Here no complaint was made of the initial award for temporary total disability for some two years. Therefore, the appellants cannot now be heard to complain.

The foregoing rule relied upon by the appellants (K. A. R., Rule No. 51-7-8) does not apply to the instant case for the simple reason that there was no award for temporary total loss of the use of a scheduled member. The award of July 8, 1964, was for temporary total disability.

A case directly in point is *Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429. In Syllabus ¶1 the court there held:

"A coal miner who was totally disabled for six months because of injuries received in his employer's coal mine, by which time he had recovered from all his injuries except as to his left foot which had been rendered permanently useless, was entitled to six months' compensation for total disability and likewise entitled to the statutory schedule of 60 per cent of his weekly wages for 125 weeks for the total loss of the use of his left foot."

There the claimant injured both feet, but the right one recovered and the left foot did not. In the opinion the court said:

". . . Apparently the trial court held the view that plaintiff was not entitled to compensation for his temporary total incapacity, and that the only award he was entitled to was for the permanently continuing injury to his left foot. The trial court was within its jurisdictional privilege to determine for itself from the evidence in the record that the left foot was permanently and completely rendered useless. That fact being ascertained, the statutory schedule of 125 weeks' compensation should be allowed therefor. But the court erred in deducting therefrom the entire 88 weeks' payments which had been made to plaintiff. For six months plaintiff was totally incapacitated because of his injuries. There is no dispute about that fact. He was entitled to compensation therefor. . . ." (p. 808.)

The *Resnar* case was affirmed in *Chamberlain v. Bowersock Mills & Power Co.*, 150 Kan. 934, 96 P. 2d 684.

On the facts in this case the trial court properly allowed compensation for the permanent partial disability of the scheduled member, in addition to the temporary total disability awarded.

The judgment of the lower court is affirmed.