(872 P.2d 299)
No. 69,760

NORMAN E. WARDLOW, *Appellee,* v. ANR FREIGHT SYSTEMS and CIGNA INSURANCE COMPANY, *Appellants.*

Opinion filed November 19, 1993.

*Timothy G. Lutz,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellants.

*Dennis L. Horner*, of Horner & Duckers, Chartered, of Kansas City, for the appellee.

Before PIERRON, P.J., ROYSE, J., and D. KEITH ANDERSON, District Judge, assigned.

ANDERSON, J.: ANR Freight Systems and Cigna Insurance Company (ANR) (respondents-appellants) appeal the trial court's finding that Norman E. Wardlow (claimant-appellee) is permanently and totally disabled under the Kansas workers compensation law.

Wardlow was employed by ANR as a truck driver and dock worker. On May 3, 1989, Wardlow was using a "high-low" to load a tractor-trailer. He left the high-low running with the emergency brake on while he checked some paperwork. The high-low began rolling toward the loading dock. When Wardlow attempted to stop it, both he and the high-low fell off the dock. The high-low forks hit Wardlow across the back and right leg, fracturing his lower back, pelvis, right hip, and right thigh (femur), and causing a probable fracture to his right ankle.

Wardlow spent seven weeks at the University of Kansas Medical Center (KUMC), where he underwent three surgeries. An external frame was temporarily attached to Wardlow's pelvis by screws through the skin to stabilize fractures in the pelvic area, and later was replaced by internal screws. A 10-inch long plate and screws were permanently affixed to Wardlow's right femur. Wardlow also was provided with a molded plastic brace to support his right foot, which was weakened by sciatic nerve injury. After his release from KUMC, Wardlow spent several months at Delmar Gardens Nursing Home. Wardlow has neither worked nor sought work since his May 3, 1989, injury.

Wardlow submitted a written workers compensation claim on July 6, 1989, claiming injury to his "body as a whole and right lower extremity." On October 29, 1992, an administrative law judge (ALJ) determined Wardlow to have a 50% permanent partial general bodily disability. On November 10, 1992, the Director of the State of Kansas Division of Workers Compensation filed an order approving the ALJ's award without review.

Wardlow petitioned for judicial review of the Director's order. On April 5, 1993, the trial court found that Wardlow is per-

manently and totally disabled under K.S.A. 1992 Supp. 44-510c(a)(2). ANR timely appeals from the trial court's decision.

The primary question is whether the trial court's finding that Wardlow is permanently and totally disabled under K.S.A. 1992 Supp. 44-510c(a)(2) is supported by substantial competent evidence. If the answer to that question is "Yes," a second question is whether the trial court's language in so holding that Wardlow is "essentially and realistically unemployable" complies with the statutory language that he be "incapable of engaging in any type of substantial and gainful employment".

ANR contends that Wardlow is not permanently and totally disabled under K.S.A. 1992 Supp. 44-510c(a)(2) because, according to the testimony of medical and vocational rehabilitation experts, he is capable of performing part-time sedentary work. ANR argues that the "plain and ordinary meaning" of the statute precludes a finding that Wardlow is permanently and totally disabled.

Wardlow maintains that there is ample evidence in the record to support the trial court's finding of permanent and total disability, given testimony of experts that Wardlow's physical impairment and lack of transferable job skills make him essentially unemployable. Wardlow contends the trial court's decision is consistent with legislative intent.

In workers compensation cases, the "existence, extent and duration of an injured workman's incapacity is a question of fact for the trial court to determine." *Boyd v. Yellow Freight Systems, Inc.*, 214 Kan. 797, 803, 522 P.2d 395 (1974). The trial court's determination that Wardlow is permanently and totally disabled is a factual finding. ANR attempts to convert this factual issue into a question of law by attacking the trial court's interpretation of K.S.A. 1992 Supp. 44-510c(a)(2).

K.S.A. 1992 Supp. 44-510c(a)(2) provides in relevant part:

"Permanent total disability exists when the employee, on account of the injury, has been rendered completely and permanently incapable of engaging in any type of substantial and gainful employment. Loss of both eyes, both hands, both arms, both feet, or both legs, or any combination thereof, shall, in the absence of proof to the contrary, constitute a permanent total disability. Substantially total paralysis, or incurable imbecility or insanity, resulting from injury independent of all other causes, shall constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts."

Wardlow was not injured in a manner that raised a statutory presumption of permanent total disability under K.S.A. 1992 Supp. 44-510c(a)(2).

The trial court found Wardlow permanently and totally disabled under the statutory definition, based in part on expert medical testimony that Wardlow's injuries render him "essentially and realistically unemployable." ANR contends that the trial court's finding is inconsistent with the language of the statute because "essentially and realistically unemployable" is not synonymous with "incapable of engaging in any type of substantial and gainful employment." ANR argues that the trial court instead should have construed the statute by giving its words their natural and ordinary meaning. ANR, by stringing together the dictionary definitions of individual words in the statute, interprets K.S.A. 1992 Supp. 44-510c(a)(2) to mean: An employee "is not permanently and totally disabled unless he is entirely or wholly lacking the ability or fitness of engaging in any type of real or actual profitable employment."

Our Supreme Court has stated that "when a workers' compensation statute is subject to more than one interpretation, it must be construed in favor of the worker if such construction is compatible with legislative intent." *Houston v. Kansas Highway Patrol*, 238 Kan. 192, 195, 708 P.2d 533 (1985), *overruled on other grounds Murphy v. IBP, Inc.*, 240 Kan. 141, 727 P.2d 468 (1986). The trial court's finding that Wardlow is permanently and totally disabled because he is essentially and realistically unemployable is compatible with legislative intent.

As Wardlow points out, the language of the statute supports the conclusion that the question of whether a worker is permanently and totally disabled is a question of fact: "In all other cases [when the injury is not specifically listed in the statute] permanent total disability shall be determined in accordance with the facts." K.S.A. 1992 Supp. 44-510c(a)(2). In reviewing disputed issues of fact in a workers compensation case, "the appellate court 'must view the evidence in the light most favorable to the prevailing party and determine whether there is substantial competent evidence to support the findings of the trial court.' [Citation omitted.]" *Reeves v. Equipment Service Industries, Inc.*,

245 Kan. 165, 173, 777 P.2d 765 (1989). Our Supreme Court "[has] defined the term 'substantial evidence' in the context of workers compensation cases to mean 'evidence possessing something of substance and relevant consequence and carrying with it fitness to induce conviction that the award is proper, or furnishing substantial basis of fact from which the issue tendered can be reasonably resolved.' [Citation omitted.]" *Angleton v. Starkan, Inc.*, 250 Kan. 711, 716, 828 P.2d 933 (1992).

The trial court stated that its finding of permanent and total disability was:

"based on a totality of the circumstances including [Wardlow's] serious and permanent injuries, the findings of Drs. Prostic and Redford, the extremely limited physical chores [Wardlow] can perform, his age, his lack of training, driving and transportation problems, past history of physical labor jobs, being in constant pain, and constantly having to change body positions."

The trial court relied primarily on the conclusions of Drs. Prostic and Redford that the injuries Wardlow sustained render him unemployable.

Dr. Prostic evaluated Wardlow at his attorney's request. The parties stipulated that Dr. Prostic is a board-certified orthopedic surgeon competent to offer opinions in this case. Dr. Prostic concluded that "[h]e is essentially unemployable as he is unable to do work that requires substantial sitting or standing as well as climbing, squatting, kneeling, lifting, pushing, or pulling."

Dr. Redford was appointed by the ALJ as an independent medical examiner. The parties stipulated to the admissibility of his report. In his August 6, 1992, report, Dr. Redford concluded that Wardlow "is probably not re-employable by virtue of his age and his reliance on physical laboring type jobs."

Wardlow, now 63 years old, had been employed by ANR for 24½ years at the time of his injury. He had worked as a truck driver and dock worker during that entire period. His prior employment also was limited to unskilled physical labor, consisting of 15 years at a retail lumber company where he "drove a truck and handled . . . building products" and two years in the Army artillery. Wardlow, a high school graduate, was an average student and has had no subsequent education or formal training.

Both vocational rehabilitation experts who testified in this case acknowledged that it would be difficult for Wardlow to obtain any

type of employment. ANR's expert acknowledges that Wardlow's age would be an impediment to his ability to find employment.

Applying the standard set forth in *Angleton*, 250 Kan. at 716, the foregoing evidence provides a substantial basis of fact from which the trial court could reasonably find that Wardlow is "completely and permanently incapable of engaging in any type of substantial and gainful employment" under K.S.A. 1992 Supp. 44-510c(a)(2).

The existence of evidence that Wardlow can perform part-time, sedentary-type work does not invalidate the trial court's factual determinations. An appellate court will uphold findings supported by substantial evidence "even though there is evidence of record which, if given credence by the trial court, would have supported contrary findings." *Monroe v. General Motors Corp.*, 13 Kan. App. 2d 460, Syl. ¶ 4, 773 P.2d 683, *rev. denied* 245 Kan. 785 (1989).

ANR further avers that the trial court disregarded "uncontradicted evidence" that Wardlow can acquire the skills necessary to work as an admitting clerk, dispatcher, or data entry clerk, which it argues the court should have regarded as conclusive under the holdings of *Demars v. Rickel Mfg. Corporation*, 223 Kan. 374, Syl. ¶ 5, 573 P.2d 1036 (1978), and *Anderson v. Kinsley Sand & Gravel, Inc.*, 221 Kan. 191, Syl. ¶ 2, 558 P.2d 146 (1976). There is no indication that the trial court disregarded evidence. The trial court apparently gave greater weight to the medical evidence that Wardlow's physical limitations make employment in these positions realistically unavailable to him than to the hypothesis that he is capable of acquiring the necessary skills. The trial court as a factfinder is free to weigh the evidence as it chooses. See *Boyd*, 214 Kan. at 804.

When the evidence is viewed in the light most favorable to Wardlow, there is substantial competent evidence in the record to support the trial court's finding that Wardlow's injuries render him permanently and totally disabled under K.S.A. 1992 Supp. 44-510c(a)(2).

The decision of the trial court is affirmed.