(907 P.2d 919)

No. 73,717

CAROLE L. STUART, *Claimant/Appellee*, v. DOUGLAS COUNTY, KANSAS, *Respondent/Appellant,* and KANSAS ATTORNEY GENERAL, *Respondent/Appellee*, and STATE OF KANSAS SELF-INSURANCE FUND, *Insurance Carrier/Appellee*.

Opinion filed December 15, 1995.

*Robert W. Fairchild*, of Riling, Burkhead, Fairchild & Nitcher, Chartered, of Lawrence, for appellant.

*Margaret L. Pemberton*, of Pemberton Law Office, of Overland Park, for claimant/appellee.

*Jeff K. Cooper*, of Topeka, for respondent/appellee and insurance carrier/appellee.

Before ROYSE, P.J., ELLIOTT, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

ELLIOTT, J.: Douglas County appeals an order of the Workers Compensation Board (Board) ruling that Carole Stuart suffered a 65% permanent partial general disability as a result of an accident while working as a secretary for the Douglas County District Attorney. The County also appeals the ruling that Stuart was an employee of the County and not the State for workers compensation purposes.

We affirm.

While at work, Stuart struck her left elbow on a door and was eventually diagnosed with "tennis elbow" and reflex sympathetic dystrophy. The administrative law judge found Stuart suffered a 65% permanent partial general disability and ruled Stuart was an employee of the State. The Board upheld the disability rating, but ruled Stuart was an employee of the County, not of the State.

For the most part, this is not a fact-driven case.

The County first argues the current Workers Compensation Act is unconstitutional because it calls for review of the administrative law judge's ruling by the Board rather than a de novo review by a district court. This, claims the County, violates its right of access to the courts and a "remedy by due course of law." Kan. Const. Bill of Rights, § 18.

Appellees argue that the constitution does not require review by a district court, but only requires a fair hearing with due process before a tribunal having jurisdiction. We agree.

On appeal, we must presume the challenged statute is constitutional and must resolve all doubts in favor of the statute's constitutional validity. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 243, 834 P.2d 368 (1992).

" 'Remedy by due course of law,' as used in § 18 of the Kansas Bill of Rights, means the reparation for injury ordered by a tribunal having jurisdiction in due course of procedure after a fair hearing. [Citation omitted.] Remedy by due course of law is tied to due process concerns." *In re Marriage of Soden*, 251 Kan. 225, 233, 834 P.2d 358, *cert. denied* 121 L.Ed.2d 540 (1992).

We feel the *Soden* rationale is applicable. The County does not claim it was denied a full and fair hearing before the administrative law judge. Like the appellant in *Soden*, the County received notice, a reasonable hearing, and judicial review. The County is merely hoping that a different factfinder might decide the case in its favor. The legislature did provide a viable statutory remedy as an adequate substitute or quid pro quo for the loss of some common-law remedies for injured employees. See *Rajala v. Doresky*, 233 Kan. 440, 661 P.2d 1251 (1983).

Further, under Kan. Const. art. 3, § 6(b), the legislature has the power to determine the jurisdiction of the district courts. And see *In re K-Mart Corp.*, 232 Kan. 387, Syl. ¶ 3, 654 P.2d 470 (1982).

The Workers Compensation Act is constitutional.

The County next argues the Board had no jurisdiction when it never transferred the case to district court as directed by *Sedlak v. Dick*, 256 Kan. 779, 887 P.2d 1119 (1995). However, remedial legislation was quickly passed to cure the constitutional problems discussed in *Sedlak*. Concerning what should happen with cases already pending, the legislation provided:

"New Sec. 5. (a) Any workers compensation appeals which have been transferred from the workers compensation board to a district court or the director of workers compensation pursuant to the Kansas Supreme Court's order in *Sedlak v. Dick*, case no. 70,792 (January 13, 1995) and have not been decided by the director or the district courts shall be transferred to the workers compensation

board established under section 1 from the district court or the director on the effective date of this act.

. . . .

"Section 7. This act shall take effect and be in force from and after its publication in the Kansas register." L. 1995, ch. 1, §§ 5, 7.

The act was published in the Kansas Register on January 26, 1995. 14 Kan. Reg. 106 (1995).

In the present case, the Board's actions were no different than our own actions. A few days after *Sedlak* was decided, we issued a stay of all pending appeals from the Board in order for *Sedlak* to become final and to allow the legislature to pass remedial legislation. After the legislation was passed, we lifted the stay and set the pending cases on dockets without transferring them to a district court.

In the present case, by the time the Board issued its order on February 13, 1995, the remedial legislation had cured the Board's constitutional problems. The Board had jurisdiction, and its failure to transfer the case to a district court was harmless. The legislation would have required the case to be transferred right back to the Board.

The County next argues the Board erred in ruling Stuart was a County employee for workers compensation purposes. The facts are not in dispute. Stuart was employed as a secretary in the District Attorney's Office; her salary was paid by the County.

Since resolution of this issue involves the interpretation of statutes, our review is plenary or unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994).

Unfortunately, Stuart represents a class of people (employees of the various district attorneys' offices) which the legislature let slip through the cracks.

The Board based its decision on K.S.A. 44-505c, which provides that the counties shall provide workers compensation coverage for district *court* officers and employees where salary is payable by the counties.

The Douglas County District Attorney was established by K.S.A. 22a-108, which states the district attorney is an executive officer of the judicial district and further provides that "*in no event shall said*

*district attorney be deemed an officer of any county."* (Emphasis added.)

The district attorney's salary is paid by the County and the County also funds the district attorney's clerical staff. K.S.A. 22a-105 and K.S.A. 22a-106.

The statutes are competing. On the one hand, since Stuart's paycheck is from the County, she is a County employee. On the other hand, the Douglas County District Attorney is *not* an officer of the County. If the district attorney is not a County officer, how can a secretary in the district attorney's office be a County employee?

Two attorney general opinions speak to the question and they, too, are facially inconsistent. Att'y Gen. Op. No. 87-13 states employees of a district attorney are *state* employees for purposes of the Kansas Tort Claims Act. Att'y Gen. Op. No. 80-26 states employees of a district attorney are *county* employees for the purpose of determining KPERS eligibility.

For our purposes, the earlier attorney general opinion (80-26) seems the better reasoned, providing a detailed analysis of why the opinion does not conflict with K.S.A. 22a-101 (essentially the same as 22a-108): The statutes establishing the district attorney as an officer of the judicial district and not the county are simply a statutory expression of jurisdiction. A judicial district is not a separate juristic entity.

In summary, it appears to us that the legislature did not specifically consider who should provide workers compensation coverage for district attorneys and their staffs. Until the legislature declares otherwise, we hold that district attorneys and their staffs, for workers compensation purposes, are County employees and not State employees.

Finally, the County argues the Board's ruling that Stuart suffered a 65% permanent partial general disability is not supported by substantial competent evidence. This issue *is* fact driven.

The County claims the two disability experts either did not consider or intentionally ignored the psychiatrist's opinion that Stuart was malingering or exaggerating her symptoms. In effect, the

County is arguing the Board ignored uncontroverted evidence in reaching its decision.

The evidence on this issue was not uncontroverted. The same doctor who testified Stuart was either consciously or unconsciously using her arms, also testified that "she may have been magnifying her symptoms for whatever reason, but I didn't have the impression that she was intentionally trying to deceive me." That doctor further testified he did not have the impression Stuart was malingering.

Further, the Board commented on the psychiatrist's testimony: "The Appeals Board acknowledges the testimony of psychiatrist Roy B. LaCoursiere, M.D., that claimant is malingering. However, Dr. LaCoursiere's testimony is unconvincing in light of the other medical evidence presented and his admission that reflex sympathetic dystrophy is outside his specialty."

Thus, the Board judged the credibility of the psychiatrist. We will not disturb that determination on appeal. See *Wardlow v. ANR Freight Systems*, 19 Kan. App. 2d 110, 115, 872 P.2d 299 (1993).

Affirmed.